c/o Robert Sklodowski
9240 W. Belmont Ave.
Franklin Park, IL 60131

(cr)

**Sylvia Lam**
702 W Revere Ln
Palatine, IL 60067

(cr)

**T.C.I.**
1218 175th Street
Hammond, IN 46324

(cr)

**Talat Ghaus**
924 Beninford Lane
Westmont, IL 60559

(cr)

**Tamirisa Kris c/o Vincent Cannon**
Lorenzini & Dressler
1900 Spring Rd.#501
Oak Brook, IL 60523

(cr)

**Technology and Networking Inc.**
PO Box 4247
Scott City, MO 63780

(cr)

**Ted Gebber & Marita Landa**
c/o Dale Elliot Kleber, Atty
1007 Curtis St., #1
Downers Grove, IL 60515

(cr)

**Tempo Components, Inc.**
110 Brennan Dr.
Kirkland, IL 60146

(cr)

**Terrance Frediani**
1705 Frediani Ct.
Mount Prospect, IL 60056

(cr)

**Thakor Patel**
7338 N. Kedvale Ave.
Lincolnwood, IL 60712

(cr)

**The Chaet Kaplan Firm**
30 N. LaSalle Street #1520
Chicago, IL 60602

(cr)

**The New Shapes Company**
1500 Midway Court W-2
Elk Grove Village, IL 60007

(cr)

**The Structural Shop**
502 Zenith Dr.
Glenview, IL 60025

(cr)

**The Travelers**
CL Remittance Center                          (cr)
Hartford, CT 06183

**Thomas Kaputo**
5732 S. Walnut Ave                            (cr)
Downers Grove, IL 60516

**Thorne Electric**
PO Box 321                                    (cr)
Wheaton, IL 60189

**Thyssenkrupp Elevator**
PO Box 1262                                   (cr)
Memphis, TN 38101

**Tialk Marwaha (Madison Pine)**
3773 W. Devon Ave.                            (cr)
Lincolnwood, IL 60712

**Tilak Marwaha**
3773 W. Devon Ave.                            (cr)
Lincolnwood, IL 60712

**Timberline Software Corp**
PO Box 728                                    (cr)
Beaverton, OR 97075-0728

**Timely Courier**
DenE1 Enterprises Inc.
1147 N. Ellsworth Ave.                        (cr)
Villa Park, IL 60181

**TNT Landscaping**
4204 Peacock Court                            (cr)
Rolling Meadows, IL 60008

**Topside Roofing**
815 Schneider Dr.                             (cr)
South Elgin, IL 60177

**Tressler Soderstrom Maloney & Pries**
233 S. Wacker Dr.
22nd Floor                                    (cr)
Chicago, IL 60606

**Tritel Tech Svc.**
5400 Newport Dr. No.19                        (cr)
Rolling Meadows, IL 60008

**Tropical HVAC**
140 S. Lincoln                                (cr)
Carpentersville, IL 60110

**Tsarpalas Enterprises**
17494 W. Hickory Lane                          (cr)
Grayslake, IL 60030

**Tushar Chotalia (22 Century LLC)**
3773 W. Devon Ave.                             (cr)
Lincolnwood, IL 60712

**TWL Masonry**
6004 Terra Cotta Road                          (cr)
Crystal Lake, IL 60014

**Two Hands Landscaping**
44 Austin                                      (cr)
Carpentersville, IL 60110

**UD Inc.**
155 W. Irving Park Rd.                         (cr)
Roselle, IL 60172

**Unidor Company**
700 North Iowa Street                          (cr)
Villa Park, IL 60181-1509

**Uniprint**
21021 Ventura Bl #103                          (cr)
Woodland Hills, CA 91364

**United Parcel Svcs**
C/O D&B/RMS Bankruptcy Services
Po Box 4396                                    (cr)
Timonium, MD 21094

**United States Trustee**
227 West Monroe Suite 3350                     (cr)
Chicago, IL 60606

**United States Trustee**
227 W Monroe Street
Suite 3350                                     (cr)
Chicago, IL 60606

**Urdu Times**
6229 N. Richmond Ave.                          (cr)
Chicago, IL 60659

**US Marketing**
40-14 24th Street                              (cr)
Long Island City, NY 11101

**Usman Khan**
1 S. Rt. 53                                    (cr)
Glen Ellyn, IL 60137

**Uttan Andrew**
c/o Klise & Biel                                    (cr)
1478 W. Webster Ave.
Chicago, IL 60614

**V. Parkikh (M&R Lodging)**
9101 West Oak Ave.                                  (cr)
Des Plaines, IL 60016

**V3 Global Inc.**
PO Box 835786                                       (cr)
Richardson, TX 75083-5789

**Vandana Chandra**
6980 Fieldstone Dr.                                 (cr)
Willowbrook, IL 60527

**Vans Iron Works Inc.**
1528 E. 168th Street                                (cr)
South Holland, IL 60473

**Venita Parsram**
3773 W. Devon Ave.                                  (cr)
Roselle, IL 60172

**Videsh Sharad Patel**
3300 Highland Rd.                                   (cr)
Northbrook, IL 60062

**Vidya & Sudha Kora**
5085 Laxita Dr.                                     (cr)
La Porte, IN 46350

**Village of Lakewood**
2500 Lake Ave.                                      (cr)
Crystal Lake, IL 60014

**Village of Lakewood Utilities**
2500 Lake Ave.                                      (cr)
Crystal Lake, IL 60014

**Village of Lincolnwood**
Maris Grossman
6900 N. Lincoln Ave.                                (cr)
Lincolnwood, IL 60712

**Village of South Barrington**
30 S. Barrington Rd.                                (cr)
Barrington, IL 60010

**Village of Villa Park**
120 S. Ardmore Ave.                                 (cr)
Villa Park, IL 60181

**Vinata Parsram**
3773 W. Devon Ave.                              (cr)
Lincolnwood, IL 60712

**Vinod Malhotra**
823 Mc Intosh Ct. #202                          (cr)
Prospect Heights, IL 60070

**Virginia Sureky**
Service Center - Brian Reed
9921 Dupont Circle Drive West suite 300          (cr)
Fort Wayne, IN 46825

**Visible**
1750 Wallace Avenue                             (cr)
Saint Charles, IL 60174

**Walsh Communications LLC**
489 Spring Rd. Suite D                          (cr)
Elmhurst, IL 60126

**Waste Management Metro**
1411 Opus Place, Suite 400                      (cr)
Downers Grove, IL 60515

**Waste Management RMC**
2421 W Peoria Ave                               (cr)
Phoenix, AZ 85029

**Waste Management West**
780 N. Kirk Rd.                                 (cr)
Batavia, IL 60510

**Waste Works Inc.**
5200 McCullon Lake Road                         (cr)
Mchenry, IL 60050

**Weather Temp Inc.**
7120 N. Lyndon Street                           (cr)
Des Plaines, IL 60018

**Weatherall Exteriors Inc..**
445 Dorset                                      (cr)
Palatine, IL 60067

**West Suburban Bank**
c/o Guerard Kalina Musial
100 W. Roosevelt Rd.                            (cr)
Wheaton, IL 60187

**West Suburban Bank - Tim Dineen**
717 S. Westmore                                 (cr)
Lombard, IL 60148

**Westmont Interior Supply House**
PO Box 298                                    (cr)
Westmont, IL 60559

**Wheaton Trenching**
24 W. 600 St. Charles Road                    (cr)
Carol Stream, IL 60188

**Whirlpool Coporation**
PO Box 915047                                 (cr)
Dallas, TX 75391-5047

**William Sechin**
33 Elgin Ave Apt B                            (cr)
Forest Park, IL 60130

**Windy City Insulation**
28030 W. Concrete Dr.                         (cr)
Ingleside, IL 60041

**Woodfield Paving**
440 W. Irving Park Rd.                        (cr)
Roselle, IL 60172

**Worldwide Painting**
PO Box 433                                    (cr)
Berwyn, IL 60402

**Wu David**
6413 Long Grove Saddle Club                   (cr)
Lake Zurich, IL 60047

**Yasmin Merchant**
9049 Falcon Greens Dr.                        (cr)
Crystal Lake, IL 60014

**Zahid & Noureen Chohan**
1741 David Dr.                                (cr)
Olean, NY 14760

**Zahir & Razia Ahmed**
1720 Mundelein Rd                             (cr)
Naperville, IL 60565

**Zam's Hope**
6401 N. Artesian Ave.                         (cr)
Chicago, IL 60645

**Zarif Abbas**
c/o Wolin & Rosen
55 W. Monroe #3600                            (cr)
Chicago, IL 60603

**Zulma Rivera**
9438 Ironwood Lane
Des Plaines, IL 60016

(cr)

## IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE: )
)
POLO BUILDERS, INC., )
TAX ID NO. 36-3773992, )          Case No. 04-23758
)
Debtor, )

## MOTION TO LIFT AUTOMATIC STAY TO EXTENT OF
## APPLICABLE INSURANCE

NOW COMES Jon Woodring, movant, by his attorneys, LEVIN, RIBACK LAW

GROUP, P.C., and moves this Honorable Court as follows:

1.     Debtor, POLO BUILDERS, INC., was involved in a construction

project in the City of Barrington, Cook County, Illinois, on and before December 27,

1999.

2.     On December 27, 1999, creditor, Jon Woodring, was injured as a

result of the negligence of POLO BUILDERS, INC., and has filed a lawsuit in the Circuit

Court of Cook County, Law Division,  entitled <u>Jon Woodring v. Polo Builders, Inc.</u>, 01 L

3596. (See Exhibit A).

3.     Debtor, POLO BUILDERS, INC., was covered by a policy of

insurance issued by Zurich Insurance for negligence arising out of this ___ ___

under policy number SCP 33246571.  The general liability policy limits under this

insurance policy is $1,000,000.00 per occurrence.  (See Exhibit B).

4.     Creditor Jon Woodring agrees to limit his recovery to proceeds

from the subject insurance policy, and therefore lifting the stay will not imperil any

corporate assets of the debtor.

WHEREFORE, Creditor, Jon Woodring, respectfully requests that this Court enter an order lifting the Bankruptcy Stay entered in this matter to the extent of applicable insurance, and permitting the suit entitled <u>Jon Woodring v. Polo Builders, Inc.</u>, 01 L 3596 to proceed to the extent of defendant's applicable insurance.

Respectfully submitted,

By: _____
One of His Attorneys

LEVIN, RIBACK LAW GROUP, P.C.
200 North LaSalle Street
Suite 2300
Chicago, IL 60601
Telephone: (312) 782-6717

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JON WOODRING,                          )
                                       )
              Plaintiff,               )
                                       )
       vs.                             )        No. 01 L 3596
                                       )
                                       )
POLO BUILDERS, INC.,                   )
CUSTOM ROOFING, INC.,                  )
CUSTOM ROOFING CONTRACTING, INC.,      )
AND CUSTOM ROOFING & SHEET METAL       )
CORPORATION                            )
              Defendants.              )

## THIRD AMENDED COMPLAINT AT LAW

### COUNT I

### POLO BUILDERS, INC.

NOW COMES the plaintiff, JON WOODRING, by his attorneys, PEKIN &
LEVIN & ASSOCIATES, and complaining of the defendant, POLO BUILDERS, INC.,
states as follows:

1.     That on and before December 27, 1999, the defendant, POLO
BUILDERS, INC., was in charge of the erection and construction ongoing at 3 Kingbird
Court, Falcon Lakes Lot 4, Village of South Barrington, County of Cook, and State of
Illinois.

2.     That at the subject time and place the plaintiff was a construction
worker employed by Sawmill Construction, Inc. on said premises in the furtherance of
the aforesaid work.

3.     That at all times material to this lawsuit, the defendant owed a duty

PLAINTIFF'S
EXHIBIT
A

to plaintiff to provide a safe place to work

4.     That at the aforesaid time and place and prior thereto, the
defendant, individually and through its agents, servants and employees, was present
during the course of such erection and construction.  The defendant participated in
coordinating the work being done and designated various work methods, maintained
and checked work progress and participated in the scheduling of the work and
inspection of the work.  In addition thereto, at that time and place, the defendants had
the authority to stop the work, refuse the work and materials and order changes in the
work, in the event the work was being performed in a dangerous manner or for any
other reason.

5.     That at the subject time and place and prior thereto, the plaintiff
was in the exercise of due care and caution for his own safety.

6.     That at the aforesaid time and place and prior thereto, the defendant
was then and there negligent in one or more of the following ways:

(a)     Failed to make a reasonable inspection of the premises and the
work being done thereon, when the defendant knew or in the exercise of ordinary care
should have known, that adequate and proper inspection was necessary to prevent injury
to the plaintiff;

(b)     Failed to provide fall protection for the safety of the plaintiff;

(c)     Failed to provide the plaintiff with a  safe, suitable, and
proper work platform or scaffold from which to work;

(d)     Ordered the plaintiff to work on a roof which was slippery

due to icy conditions when defendant knew it was hazardous to plaintiff and his work crew members;

(e)    Failed to provide adequate safeguards including perimeter protection on the roof to prevent plaintiff from falling from the roof while working;

(f)    Failed to adequately supervise the work being done on the premises;

(g)    Failed to provide plaintiff with a safety platform to stop a worker from falling off the roof;

(i)    Failed to provide safety belt tie-off equipment as well as a place to tie-off;

(j)    Carelessly and negligently coordinated the order of the construction work by permitting the roof to be shingled prior to the work plaintiff was performing at the time of the occurrence

7.    That at the aforesaid time and place, the duties and responsibilities of the plaintiff required that he work on the subject roof.

8.    That as a direct and proximate result of the negligence of the defendant, the plaintiff fell on the roof and suffered severe and permanent personal and pecuniary injuries.

WHEREFORE, the plaintiff, JON WOODRING, demands judgment against the defendant, POLO BUILDERS, INC., in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs of this action.

## COUNT II

### CUSTOM ROOFING, INC.

NOW COMES the plaintiff, JON WOODRING, by his attorneys, PEKIN &
LEVIN & ASSOCIATES, and complaining of the defendant, CUSTOM ROOFING, INC.,
states as follows:

1.      That on and before December 27, 1999, the defendant, CUSTOM
ROOFING, INC., was in charge of the erection and construction ongoing at 3 Kingbird
Court, Falcon Lakes Lot 4, Village of South Barrington, County of Cook, and State of
Illinois.

2.      That at the subject time and place the plaintiff was a construction
worker employed by Sawmill Construction, Inc. on said premises in the furtherance of
the aforesaid work.

3.      That at all times material to this lawsuit, the defendant owed a duty
to plaintiff to provide a safe place to work

4.      That at the aforesaid time and place and prior thereto, the
defendant, individually and through its agents, servants and employees, was present
during the course of such erection and construction. The defendant participated in
coordinating the work being done and designated various work methods, maintained
and checked work progress and participated in the scheduling of the work and
inspection of the work. In addition thereto, at that time and place, the defendants had
the authority to stop the work, refuse the work and materials and order changes in the
work, in the event the work was being performed in a dangerous manner or for any
other reason.

5.      That at the subject time and place and prior thereto, the plaintiff was in the exercise of due care and caution for his own safety.

6.      That at the aforesaid time and place and prior thereto, the defendant was then and there negligent in one or more of the following ways:

(a)     Failed to make a reasonable inspection of the premises and the work being done thereon, when the defendant knew or in the exercise of ordinary care should have known, that adequate and proper inspection was necessary to prevent injury to the plaintiff;

(b)     Failed to provide fall protection for the safety of the plaintiff;

(c)     Failed to provide the plaintiff with a safe, suitable, and proper work platform or scaffold from which to work;

(d)     Ordered the plaintiff to work on a roof which was slippery due to icy conditions when defendant knew it was hazardous to plaintiff and his work crew members;

(e)     Failed to provide adequate safeguards including perimeter protection on the roof to prevent plaintiff from falling from the roof while working;

(f)     Failed to adequately supervise the work being done on the premises;

(g)     Failed to provide plaintiff with a safety platform to stop a worker from falling off the roof;

(i)     Failed to provide safety belt tie-off equipment as well as a place to tie-off;

(j)     Carelessly and negligently coordinated the order of the

construction work by permitting the roof to be shingled prior to the work plaintiff was performing at the time of the occurrence

    7.    That at the aforesaid time and place, the duties and responsibilities of the plaintiff required that he work on the subject roof.

    8.    That as a direct and proximate result of the negligence of the defendant, the plaintiff fell on the roof and suffered severe and permanent personal and pecuniary injuries.

    WHEREFORE, the plaintiff, JON WOODRING, demands judgment against the defendant, CUSTOM ROOFING, INC., in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs of this action.

## COUNT II

## CUSTOM ROOFING CONTRACTING, INC.

    NOW COMES the plaintiff, JON WOODRING, by his attorneys, PEKIN & LEVIN & ASSOCIATES, and complaining of the defendant, CUSTOM ROOFING, CONTRACTING INC., states as follows:

    1.    That on and before December 27, 1999, the defendant, CUSTOM ROOFING CONTRACTING, INC., was in charge of the erection and construction ongoing at 3 Kingbird Court, Falcon Lakes Lot 4, Village of South Barrington, County of Cook, and State of Illinois.

    2.    That at the subject time and place the plaintiff was a construction worker employed by Sawmill Construction, Inc. on said premises in the furtherance of the aforesaid work.

3.    That at all times material to this lawsuit, the defendant owed a duty to plaintiff to provide a safe place to work

4.    That at the aforesaid time and place and prior thereto, the defendant, individually and through its agents, servants and employees, was present during the course of such erection and construction. The defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and inspection of the work. In addition thereto, at that time and place, the defendants had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

5.    That at the subject time and place and prior thereto, the plaintiff was in the exercise of due care and caution for his own safety.

6.    That at the aforesaid time and place and prior thereto, the defendant was then and there negligent in one or more of the following ways:

(a)    Failed to make a reasonable inspection of the premises and the work being done thereon, when the defendant knew or in the exercise of ordinary care should have known, that adequate and proper inspection was necessary to prevent injury to the plaintiff;

(b)    Failed to provide fall protection for the safety of the plaintiff;

(c)    Failed to provide the plaintiff with a safe, suitable, and proper work platform or scaffold from which to work;

(d)    Ordered the plaintiff to work on a roof which was slippery

due to icy conditions when defendant knew it was hazardous to plaintiff and his work crew members;

     (e)    Failed to provide adequate safeguards including perimeter protection on the roof to prevent plaintiff from falling from the roof while working;

     (f)    Failed to adequately supervise the work being done on the premises;

     (g)    Failed to provide plaintiff with a safety platform to stop a worker from falling off the roof;

     (i)    Failed to provide safety belt tie-off equipment as well as a place to tie-off;

     (j)    Carelessly and negligently coordinated the order of the construction work by permitting the roof to be shingled prior to the work plaintiff was performing at the time of the occurrence

     7.    That at the aforesaid time and place, the duties and responsibilities of the plaintiff required that he work on the subject roof.

     8.    That as a direct and proximate result of the negligence of the defendant, the plaintiff fell on the roof and suffered severe and permanent personal and pecuniary injuries.

     WHEREFORE, the plaintiff, JON WOODRING, demands judgment against the defendant, CUSTOM ROOFING CONTRACTING, INC., in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs of this action.

## COUNT IV

### CUSTOM ROOFING & SHEET METAL CORPORATION

NOW COMES the plaintiff, JON WOODRING, by his attorneys, PEKIN & LEVIN & ASSOCIATES, and complaining of the defendant, CUSTOM ROOFING & SHEET METAL CORPORATION, states as follows:

1.    That on and before December 27, 1999, the defendant, CUSTOM ROOFING & SHEET METAL CORPORATION, was in charge of the erection and construction ongoing at 3 Kingbird Court, Falcon Lakes Lot 4, Village of South Barrington, County of Cook, and State of Illinois.

2.    That at the subject time and place the plaintiff was a construction worker employed by Sawmill Construction, Inc. on said premises in the furtherance of the aforesaid work.

3.    That at all times material to this lawsuit, the defendant owed a duty to plaintiff to provide a safe place to work

4.    That at the aforesaid time and place and prior thereto, the defendant, individually and through its agents, servants and employees, was present during the course of such erection and construction. The defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and inspection of the work. In addition thereto, at that time and place, the defendants had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

5.    That at the subject time and place and prior thereto, the plaintiff was in the exercise of due care and caution for his own safety.

6.    That at the aforesaid time and place and prior thereto, the defendant was then and there negligent in one or more of the following ways:

(a)    Failed to make a reasonable inspection of the premises and the work being done thereon, when the defendant knew or in the exercise of ordinary care should have known, that adequate and proper inspection was necessary to prevent injury to the plaintiff;

(b)    Failed to provide fall protection for the safety of the plaintiff;

(c)    Failed to provide the plaintiff with a safe, suitable, and proper work platform or scaffold from which to work;

(d)    Ordered the plaintiff to work on a roof which was slippery due to icy conditions when defendant knew it was hazardous to plaintiff and his work crew members;

construction work by permitting the roof to be shingled prior to the work plaintiff was performing at the time of the occurrence

7.    That at the aforesaid time and place, the duties and responsibilities of the plaintiff required that he work on the subject roof.

8.    That as a direct and proximate result of the negligence of the defendant, the plaintiff fell on the roof and suffered severe and permanent personal and

construction work by permitting the roof to be shingled prior to the work plaintiff was performing at the time of the occurrence

7.     That at the aforesaid time and place, the duties and responsibilities of the plaintiff required that he work on the subject roof.

8.     That as a direct and proximate result of the negligence of the defendant, the plaintiff fell on the roof and suffered severe and permanent personal and pecuniary injuries.

WHEREFORE, the plaintiff, JON WOODRING, demands judgment against the defendant, CUSTOM ROOFING & SHEET METAL CORPORATION, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs of this action.

Respectfully submitted,

Steven R. Levin
Attorney for Plaintiff

Atty I.D. No. 90636
PEKIN & LEVIN & ASSOCIATES
200 North LaSalle Street
Chicago, Illinois 60601
(312) 782-6717

<u>SUPREME COURT RULE 222 AFFIDAVIT</u>

Steven R. Levin, attorney for plaintiff, duly sworn under oath, states as follows:

Based upon information and belief as of the date of the signing this Complaint, the total of money damages sought exceeds $50,000.00.

Steven R. Levin
Attorney for Plaintiff
Pekin & Levin & Associates
200 North LaSalle Street
Suite 2300
Chicago, Illinois 60601

Dated: ___8 - 9 - 02___

1287

| BRANCH | POLICY NUMBER | PRODUCER NUMBER | A.C. | ACCOUNT NUMBER | AUDIT |
|---|---|---|---|---|---|
| 0 | SCP 33248571 | 02205881 | 180 | N00B306732-001-00001 | ANNUAL |

| BRANCH ZP | ZURICH GROUP-CHICAGO | | | RP | EFF 06/07/1999 |

# PRECISION PORTFOLIO POLICY
## COMMERCIAL GENERAL LIABILITY DECLARATIONS
## PRECISION SPECIALTY CONTRACTORS
## RESIDENTIAL GENERAL CONTRACTORS PROGRAM

This coverage part consists of this declarations form, the common policy conditions, and the coverage forms and endorsements indicated as applicable on the forms list.

### COVERAGES AND LIMITS OF INSURANCE

Some of these coverages are sublimits or are subject to aggregate limits. Refer to your policy to determine how they apply.

| | |
|---|---|
| GENERAL AGGREGATE | $2,000,000 |
| PRODUCTS/COMPLETED OPERATIONS AGGREGATE | $2,000,000 |
| EACH OCCURRENCE | $1,000,000 |
| MEDICAL EXPENSES – EACH PERSON | $ 10,000 |
| | |
| PERSONAL INJURY AND ADVERTISING INJURY | $1,000,000 |
| LIMITED CARE, CUSTODY OR CONTROL (EACH LOSS) | $ 1,500 |
| LIMITED CARE, CUSTODY OR CONTROL (POLICY AGGREGATE) | $ 3,000 |
| NON-OWNED AND HIRED AUTOMOBILE LIABILITY | $1,000,000 |
| EMPLOYEE BENEFITS LIABILITY – AGGREGATE | $1,000,000 |
| EMPLOYEE BENEFITS LIABILITY – EACH CLAIM | $1,000,000 |
| FIRE DAMAGE LIABILITY | $ 50,000 |

=================== THE FOLLOWING ADDITIONAL EXCLUSIONS AND LIMITATIONS APPLY =================== ===========
LIMITED EXCLUSION – CONTRACTORS PROFESSIONAL LIABILITY
ABSOLUTE ASBESTOS EXCLUSION
DESIGNATED WORK EXCLUSION – EIFS
LIMITED CARE, CUSTODY OR CONTROL DEDUCTIBLE – PER CLAIM    $ 250

COMMERCIAL GENERAL LIABILITY

700301 Ed. 14-93                          INSURED'S COPY                          06/12/2004

3 1 1


PLAINTIFF'S
EXHIBIT
B