## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |

### FINAL ORDER REGARDING SALE OF BARRINGTON LOT NUMBER FIVE

Upon consideration of the *Motion for Authority to Sell Real Property Free and Clear of Liens and for Related Relief* (the "*Motion*") filed on or about August 11, 2004 by counsel to the above-captioned debtors, with respect to the real property known as Lot 5, South Barrington Executive Center, Barrington, Illinois (the "*Property*"); the Court having reviewed the Motion and having previously entered its *Order Granting Motion of Chapter 7 Trustee for Entry of an Order: (a) Approving the Sale of Property Free and Clear of Liens, Claims, and Encumbrances; (b) Surcharging Collateral; (c) Approving Bid Procedures and Bidding Protections for Sale of Right to be Designated as Agent; (d) Shortening Notice; and (e) Granting Related Relief* (the "*Designation Rights Order*") on September 16, 2004; David R. Brown, the chapter 7 trustee appointed in these bankruptcy cases, having adopted the Motion (as modified by the Designation Rights Order); it appearing to the Court that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding notice of the Motion to be sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion and otherwise establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The request for entry of procedures for the sale of the Property set forth in the Motion has been rendered moot by the Designation Rights Order.

2. Notwithstanding paragraph one of this order, the request to set the Lien Bar Date[1] is hereby granted. Accordingly, the Lien Bar Date is fixed as December 20, 2004.

3. Any entity asserting a Lien with respect to the Property must file with the Court and serve the Trustee's counsel, David L. Kane, Esq., Freeborn & Peters LLP, 311 South Wacker Drive, Suite 3000, Chicago, Illinois, 60606, with a secured proof of claim so as to be actually received by the Lien Bar Date or be forever barred from asserting a Lien against the Property or the sale proceeds of the Property. Each secured proof of claim must contain the following information:

   (a) the current amount of the claim specifying principal, interest, costs, attorneys' fees (if applicable), and other charges;

   (b) the name of the current holder of the claim and the name and address of each principal of the claimant if the claimant is an entity (within the meaning of 11 U.S.C. § 101(15)) other than an individual;

   (c) the statutory or legal basis for the Lien;

   (d) evidence of the Lien's perfection;

   (e) evidence of the consideration supporting the Lien;

   (f) any payments made with respect to the Lien; and

   (g) all documents that evidence or relate to the Lien.

4. THE FAILURE OF A PARTY TO TIMELY FILE AND SERVE A SECURED PROOF OF CLAIM AS SET FORTH HEREIN SHALL RESULT IN THE IRREVOCABLE WAIVER OF ANY LIEN, CLAIM, OR ENCUMBRANCE AS TO THE PROPERTY OR ITS SALE PROCEEDS.

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion.

  5.  Not less than twenty (20) days notice of the Lien Bar Date shall be given to: (a) the Debtors' counsel; (b) the U.S. Trustee; (c) all Lien holders of record appearing on the title search relating to the Property; and (d) each party that has filed an appearance or request for notice in these bankruptcy cases.

Dated: _____, 2004

                    _____
                    UNITED STATES BANKRUPTCY JUDGE

NOV 2 3 2004