# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing:  June 17, 2009 at 10:30 a.m. |

## NOTICE OF FINAL FEE APPLICATION AND REQUEST TO LIMIT NOTICE OF FREEBORN & PETERS LLP AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE

To:  Service List

PLEASE TAKE NOTICE that on Wednesday, May 20, 2009, Freeborn & Peters LLP ("F&P")

filed its Final Fee Application and Request to Limit Notice of Freeborn & Peters LLP as Special Counsel

to the Chapter 7 Trustee (the "Application") with the United States Bankruptcy Court for the Northern

District of Illinois.  A hearing on the Application will take place before the Honorable A. Benjamin

Goldgar of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or

whomever may be sitting in his place and stead, at 219 South Dearborn Street, Courtroom 613, Chicago,

Illinois on June 17, 2009 at 10:30 a.m., you may appear if you so desire.

Dated:  May 20, 2009

**FREEBORN & PETERS LLP**

By:  ___/s/ Neal Levin_____

Michael J. Kelly (No. 3128055)
Steven M. Hartmann (No. 6185428)
Neal H. Levin (No. 6203156)
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:  312.360.6000
Facsimile:  312.360.6520

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing:  June 17, 2009 at 10:30 a.m. |

## CERTIFICATE OF SERVICE

I, Neal H. Levin, an attorney, do hereby certify that on May 20, 2009, I caused the attached *Notice of Application,  Cover Sheet and  Final Fee Application and Request to Limit Notice of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee* to be served on parties electronically via the CM/ECF system and the *Notice of Application and  Cover Sheet to the Final Fee Application and Request to Limit Notice of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee* to be served via U.S. mail first class to the parties on the attached Manual Service List.

/s/ Neal Levin

## SERVICE LIST

**CM/ECF Notice List**
The following is the list of parties who are currently on the list to receive e-mail notices for this case.

William J. Barrett    william.barrett@bfkn.com
David R Brown    dbrown@springerbrown.com, dbrown@ecf.epiqsystems.com
Marc J. Chalfen    mchalfen@komdr.com
Michael J Davis    mdavis@springerbrown.com
Joseph B DiRago    jdirago@bellboyd.com
Patrick L. Edgerton    thor-own@elnet.com
Thomas R. Fawkes    tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com
Richard M Fogel    rfogel@shawgussis.com
Richard C Friedman    USTPRegion11.es.ecf@usdoj.gov, richard.c.friedman@usdoj.gov
Douglas C. Giese    dcgiese@defrees.com
Joshua D Greene    jgreene@springerbrown.com, sellis@springerbrown.com
William S Hackney    whackney@salawus.com, jadams@salawus.com
David L Kane    dkane@mpslaw.com
Sonia Kinra    skinra@skcounsel.com, ekraus@skcounsel.com
Eugene S. Kraus    ekraus@skcounsel.com
Caren A Lederer    calederer@golanchristie.com
David M Madden    dmadden@momlaw.com
James M McArdle    jmcardle@skcounsel.com
Matthew E. McClintock    matthew.mcclintock@klgates.com, teresa.gomez@klgates.com
James E. Morgan    james.morgan@klgates.com, teresa.gomez@klgates.com
William T Neary    USTPRegion11.ES.ECF@usdoj.gov
Jay S. Nelson    jaysconel@earthlink.net
Sven T Nylen    sven.nylen@klgates.com, teresa.gomez@klgates.com
Andre Ordeanu    andre@zanesmith.com, Patty@Zanesmith.com
John M. Riccione    jriccione@agdglaw.com
Edward C. Richard    erichard@manetti-griffith.com
Scott N. Schreiber    sschreiber@stahlcowen.com
Mark A Stang    mstang@chuhak.com
Steven B Towbin    stowbin@shawgussis.com
Matthew C Wasserman    mwasserman@defrees.com
Ariel Weissberg    ariel@weissberglaw.com, Hava@weissberglaw.com
Daniel A Zazove    dzazove@perkinscoie.com, dzazove@perkinscoie.com

**Manual Notice List**

Steven B. Towbin, Esq.
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 N Clark Street
Suite 800
Chicago, IL 60610
Telephone: (312) 276-1333
Facsimile: (312) 275-0569

William J. Barrett, Esq.
Barack Ferrazzano Kirschbaum Nagelberg
200 West Madison Street
Suite 3900
Chicago, IL 60606
Telephone: (312) 629-5170
Facsimile: (312) 984-3150

Scott N. Schreiber, Esq.
Stahl Cowen Crowley
55 W. Monroe Street
Suite 1200
Chicago, IL 60603
Telephone: (312) 377-7766
Facsimile: (312) 423-8189

Joseph H. McMahn, Esq.
Hinshaw & Culbertson LLC
4343 Commerce Court
Suite 415
Lisle, IL 60532
Telephone: (630) 505-0010
Facsimile: (630) 505-0959

Sonia Kinra, Esq.
James M. McArdle, Esq.
Eugene S. Kraus, Esq.
Scott & Kraus, LLC
150 South Wacker Drive
Suite 2900
Chicago, IL 60610
Telephone: (312) 327-1375
Facsimile: (312) 327-1051

William T. Neary
Office of the U.S. Trustee
Suite 3350
Chicago, IL 60606
Telephone: (312) 886-5785
Facsimile: (312) 886-5794

Michael L. Flynn, Esq.
Business & Banking Services, P.C.
936 Maple Avenue
Downers Grove, IL 60515
Telephone: (630) 549-2050
Facsimile: (630) 810-9556

Michael G. Cortina, Esq.
Zukowski Rogers Flod & McArdle
50 Virginia Street
Crystal Lake, IL 60014
Telephone: (815) 459-2050
Facsimile: (815) 459-9057

Geoffrey A. Bryce, Esq.
Yasir S. Aleemuddin, Esq.
Bryce Downey LLC
200 N LaSalle Street
Suite 2700
Chicago, IL 60601
Telephone: (312) 377-1501
Facsimile: (312) 377-1502

John H. Zelenka, Esq
Law Office of John H. Zelenka. Ltd
236 East Northwest Highway
Palatine, IL 60067
Telephone: (847) 359-4488
Facsimile: (847) 358-1187

Timothy H. Okal, Esq.
John D. Spina, Esq.
Spina McGuire & Okal, P.C.
7610 West North Avenue
Elmwood park, IL 60707
Telephone: (708) 453-2800
Facsimile: (708) 452-5088

Brian T. Garelli, Esq.
Brian J. Russell, Esq.
Mark A. Herrick, Esq.
Brian T. Garelli & Associates, P.C.
340 West Butterfield Road
Suite 2A
Elmhurst, IL 60126
Telephone: (630) 833-5533
Facsimile: (630) 833-6855

Mark F. Kalina, Esq.
Guerard Kalina & Butkus
100 W Roosevelt Road A-1
Wheaton, IL 60187
Telephone: (630) 665-9033
Facsimile: (630) 690-9652

Marc J. Chalfen, Esq.
Kelly, Olson, Michod, DeHaan
& Richter LLC
30 South Wacker Drive
Suite 2300
Chicago, IL 60606
Telephone: (312) 236-6700
Facsimile: (312) 236-6706

Leon C. Wexler, Esq.
77 West Washington Street
Suite 1618
Chicago, IL 60602
Telephone: (312) 236-3399
Facsimile: (312) 236-0107

Neil Herskowitz
P.O. Box 626
Planetarium Station
New York, NY 10024
Telephone: (888) 501-0990
Facsimile: (212) 501-7088

Astoria Financial
Thomas & Graham
2000 Marcus Avenue
New Hyde Park, NY 11042
Telephone: (516) 535-8575
Facsimile: (516) 465-9350

Mark A. Stang, Esq.
Loretto M. Kennedy, Esq.
Chuhak & Tecson, PC
30 South Wacker Drive
Suite 2600
Chicago, IL 60606
Telephone: (312) 855-5445
Facsimile: (312) 368-3877

Rosanne Ciambrone, Esq.
Duane Morris LLP
227 West Monroe Street
Suite 3400
Chicago, IL 60606
Telephone: (312) 499-6700
Facsimile: (312) 499-6701

Michael C. Goode, Esq.
Michael Goode Attorney At Law
11 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 541-1331
Facsimile: (312) 541-1332

Levin Riback Law Group, P.C.
200 North LaSalle Street
Suite 2300
Chicago, IL 60601
Telephone: (312) 782-6717
Facsimile: (312) 782-5128

David R Brown, Esq.
Springer Brown Covey Gaertner
& Davis LLP
400 South County Farm Road
Suite 330
Wheaton, IL 60187
Telephone: (630) 510-0000
Facsimile: (630) 510-0004

Ariel Weissberg, Esq.
Weissberg & Associates, Ltd
401 S. LaSalle Street
Suite 403
Chicago, IL 60605
Telephone: (312) 663-0004
Facsimile: (312) 663-1514

Antonia Hays, Esq.
Kovitz Shifrin Nesbit
750 Lake Cook Road Suite 350
Buffalo Grove, IL 60089
Telephone: (847) 537-0500
Facsimile: (847) 537-0550

Scott H. Reynolds, Esq.
Leven Pearlstein, LLC
2 North LaSalle Street Suite 1300
Chicago, IL 60606
Telephone: (312) 346-8380
Facsimile: (312) 346-8434

Patrick L. Edgerton, Esq.
Edgerton & Edgerton
125 Wood Street
P.O. Box 218
West Chicago, IL 60186
Telephone: (630) 231-3000
Facsimile: (630) 231-5439

Daniel A. Zazove, Esq.
Perkins Coie LLP
131 S. Dearborn, Suite 1700
Chicago, IL 60603-5559
Telephone: (312) 324-8400
Facsimile: (312) 324-9400

Robert A. Boghosian, Esq.
Joseph M. Vann, Esq.
Cohen Tauber Spievack & Wagner, LLP
420 Lexington Avenue
Suite 2400
New York, NY 10170
Telephone: (212) 381-8726
Facsimile: (212) 586-5095

Robert Itzkow, Esq.
47 West Polk Street
Dearborn Station Suite 317
Chicago, IL 60605
Telephone: (312) 213-9100
Facsimile: (312) 663-4246

Jay S. Nelson, Esq.
5757 North Lincoln Avenue Suite 20
Chicago, IL 60659
Telephone: (773) 907-9010
Facsimile: (773) 907-9013

Berton J. Maley, Esq.
15W030 North Frontage Road Suite 100
Burr Ridge, IL 60527
Telephone: (630) 794-9966
Facsimile: (630) 794-9967

Robert M. Dreger, Esq.
Law Firm of R.M. Dreger, P.C.
410 South Michigan Avenue
Suite 310
Chicago, IL 60605
Telephone: (312) 322-0575
Facsimile: (312) 322-0955

Harold Rosen, Esq.
Wolin, Kelter & Rosen Ltd.
55 West Monroe Street
Chicago, IL 60603
Telephone: (312) 458-1300
Facsimile: (312) 424-0660

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing:  June 17, 2009 at 10:30 a.m. |

### FINAL FEE APPLICATION AND REQUEST TO LIMIT
### NOTICE OF FREEBORN & PETERS LLP AS
### SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE

Freeborn & Peters LLP ("*F&P*"), former special counsel to David R. Brown, the chapter

7 trustee (the "*Trustee*") appointed in the above-captioned, jointly-administered bankruptcy

cases, hereby submits the *Final Fee Application and Request to Limit Notice of Freeborn &*

*Peters LLP as Special Counsel to the Chapter 7 Trustee* (the "*Final Fee Application*"), and in

support thereof, states as follows:

### BACKGROUND

1.      On June 23, 2004, four of the five of the above-captioned, jointly-administered

debtors (collectively, the "*Debtors*"), Polo Builders, Inc., M&MM Enterprises, LLC, Hasan

Merchant, and Sheri Banoo Merchant, filed voluntary petitions for relief under chapter 11 of title

11 of the United States Code (the "*Bankruptcy Code*").   On June 29, 2004, the fifth of the

Debtors, M.G. International, LLC, filed its voluntary petition for relief under chapter 11 of the

Bankruptcy Code.  The Debtors' bankruptcy cases are being jointly-administered for procedural

purposes.

2.      On August 16, 2004, this Court entered an order converting these bankruptcy

cases to proceedings under chapter 7 of the Bankruptcy Code.  That same day, the Office of the

United States Trustee appointed the Trustee.

3.      On September 22, 2004, this Court entered an order authorizing the Trustee to employ and retain F&P as his special counsel in these chapter 7 cases, effective as of August 16, 2004.

4.      On September 26, 2007, this Court entered an order (the "*Substitution Order*") substituting the law firm of Bell, Boyd & Lloyd LLP ("*Bell Boyd*") as special counsel to the Trustee, effective as of September 4, 2007.  The Substitution Order provides, however, that F&P remain as co-counsel to the Trustee solely in connection with the adversary proceeding styled *David R. Brown, Trustee v. Real Estate Resource Management, LLC, et al.*, Adv. No. 04-4032.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the *Local Rules of the United States Bankruptcy Court for the Northern District of Illinois* (the "*Local Rules*").

## INTERIM COMPENSATION PROCEDURES

7.      On November 10, 2004, this Court entered its *Order Granting Motion of Chapter 7 Trustee for Entry of an Administrative Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "*Interim Compensation Procedures Order*").

8.      Pursuant to the Interim Compensation Procedures Order, F&P was authorized to file Monthly Fee Applications (as defined in the Interim Compensation Order) for interim

2

approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the applicable Monthly Compensation Periods (as defined in the Interim Compensation Order).

9.    In the event that no Objection (as defined in the Interim Compensation Procedures Order) was filed to a Monthly Fee Application (or upon resolution of such an Objection), the Interim Compensation Procedures Order authorized the Trustee to pay F&P an amount equal to ninety percent (90%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Fee Application.

10.    The Interim Compensation Procedures Order further authorized F&P to apply to the Court for payment of the ten percent (10%) of compensable fees held back from each Monthly Fee Application no earlier than after every fourth Monthly Fee Application.

**FEES AND EXPENSES INCURRED BY F&P**

**I.    Previously Approved Interim Fee Applications**

11.    In accordance with the Interim Compensation Procedures Order, on May 11, 2005, F&P filed the *First Holdback Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee* (the "*First Interim Fee Application*"). Pursuant to the First Interim Fee Application, F&P sought interim approval of its fees and expenses for the months of August 2004 through December 2004, which were set forth in the relevant Monthly Statements served in accordance with the Interim Compensation Order, as well as payment by the Debtor to F&P of $42,290.70, representing the ten percent (10%) of F&P's fees that were held back from those Monthly Statements. As set forth in the relevant Monthly Statements, F&P's fees and expenses for the months of August 2004 through December 2004 were as follows:

3

- August 2004: $25,742.00 in services billed and actual and necessary expenses in the amount of $3,482.48, for a total of $26,650.28.

- September 2004: $118,551.00 in services billed and actual and necessary expenses in the amount of $5,938.02, for a total of $112,633.92.

- October 2004: $113,771.00 in services billed and actual and necessary expenses in the amount of $3,280.72, for a total of $105,674.62.

- November 2004: $96,671.50 in services billed and actual and necessary expenses in the amount of $1,507.61, for a total of $88,511.96.

- December 2004: $68,171.50 in services billed and actual and necessary expenses in the amount of $1,279.02, for a total of $62,633.37.

12.    No objections were received to the First Interim Fee Application, and by order dated June 8, 2005 (the "*First Interim Fee Order*"), the Court approved the First Interim Fee Application, less F&P's reduction of reimbursable expenses in the amount of $2,029.18 (representing half of internal photocopy expenses and certain meal and taxicab expenses). A true and correct copy of the First Interim Fee Order is attached hereto and incorporated herein as *Exhibit A*.

## II.    Previously Filed Monthly Statements

13.    In addition to the services performed by F&P for which interim approval of fees and reimbursement of expenses was sought pursuant to the First Interim Fee Application, F&P served Monthly Statements on account of services performed for the following months:

- January 2005 – March 2005

- August 2005 – May 2006

- August 2006

Each of these Monthly Statements are described below.

14.    In accordance with the Interim Compensation Procedures Order, on May 24, 2005, F&P served upon the Trustee, the Debtors' counsel, and the Office of the United States Trustee (collectively, the "*Notice Parties*"), a monthly statement of fees and expenses for the month of January 2005 (the "*January 2005 Monthly Statement*"), seeking interim allowance of compensation in the amount of $76,292.10 (90% of the $84,769.00 in services billed) and reimbursement of actual and necessary expenses in the amount of $3,668.93, for a total of $79,961.03. No objections were received to the fees and expenses requested in the January 2005 Monthly Statement. A true and correct copy of the January 2005 Monthly Statement is attached hereto and incorporated herein as *Exhibit B*.

15.    In accordance with the Interim Compensation Procedures Order, on June 13, 2005, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the month of February 2005 (the "*February 2005 Monthly Statement*"), seeking interim allowance of compensation in the amount of $132,135.75 (90% of the $146,817.50 in services billed) and reimbursement of actual and necessary expenses in the amount of $6,198.12, for a total of $138,333.87. No objections were received to the fees and expenses requested in the February 2005 Monthly Statement. A true and correct copy of the February 2005 Monthly Statement is attached hereto and incorporated herein as *Exhibit C*.

16.    In accordance with the Interim Compensation Procedures Order, on June 17, 2005, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the month of March 2005 (the "*March 2005 Monthly Statement*"), seeking interim allowance of compensation in the amount of $287,411.40 (90% of the $319,346.00 in services billed) and reimbursement of actual and necessary expenses in the amount of $26,807.49, for a total of

$314,218.89. No objections were received to the fees and expenses requested in the March 2005

Monthly Statement. A true and correct copy of the March 2005 Monthly Statement is attached

hereto and incorporated herein as *Exhibit D*.

17.    In accordance with the Interim Compensation Procedures Order, on June 19,

2006, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the

month of August 2005 (the "*August 2005 Monthly Statement*"), seeking interim allowance of

compensation in the amount of $57,860.55 (90% of the $64,289.50 in services billed) and

reimbursement of actual and necessary expenses in the amount of $1,609.23, for a total of

$59,469.78. No objections were received to the fees and expenses requested in the August 2005

Monthly Statement. A true and correct copy of the August 2005 Monthly Statement is attached

hereto and incorporated herein as *Exhibit E*.

18.    In accordance with the Interim Compensation Procedures Order, on June 19,

2006, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the

month of September 2005 (the "*September 2005 Monthly Statement*"), seeking interim allowance

of compensation in the amount of $49,274.10 (90% of the $54,749.00 in services billed) and

reimbursement of actual and necessary expenses in the amount of $2,258.96, for a total of

$51,533.06. No objections were received to the fees and expenses requested in the September

2005 Monthly Statement. A true and correct copy of the September 2005 Monthly Statement is

attached hereto and incorporated herein as *Exhibit F*.

19.    In accordance with the Interim Compensation Procedures Order, on June 20,

2006, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the

month of October 2005 (the "*October 2005 Monthly Statement*"), seeking interim allowance of

compensation in the amount of $85,782.69 (90% of the $95,314.10 in services billed) and

reimbursement of actual and necessary expenses in the amount of $5,358.59, for a total of $91,141.28. No objections were received to the fees and expenses requested in the October 2005 Monthly Statement. A true and correct copy of the October 2005 Monthly Statement is attached hereto and incorporated herein as *Exhibit G*.

20. In accordance with the Interim Compensation Procedures Order, on June 20, 2006, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the month of November 2005 (the "*November 2005 Monthly Statement*"), seeking interim allowance of compensation in the amount of $49,656.06 (90% of the $55,173.40 in services billed) and reimbursement of actual and necessary expenses in the amount of $5,272.44, for a total of $54,928.50. No objections were received to the fees and expenses requested in the November 2005 Monthly Statement. A true and correct copy of the November 2005 Monthly Statement is attached hereto and incorporated herein as *Exhibit H*.

21. In accordance with the Interim Compensation Procedures Order, on June 20, 2006, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the month of December 2005 (the "*December 2005 Monthly Statement*"), seeking interim allowance of compensation in the amount of $47,918.34 (90% of the $53,242.60 in services billed) and reimbursement of actual and necessary expenses in the amount of $2,832.04, for a total of $50,750.38. No objections were received to the fees and expenses requested in the December 2005 Monthly Statement. A true and correct copy of the December 2005 Monthly Statement is attached hereto and incorporated herein as *Exhibit I*.

22. In accordance with the Interim Compensation Procedures Order, on June 20, 2006, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the month of January 2006 (the "*January 2006 Monthly Statement*"), seeking interim allowance of

compensation in the amount of $56,809.35 (90% of the $63,121.50 in services billed) and reimbursement of actual and necessary expenses in the amount of $14,769.09, for a total of $71,578.44. No objections were received to the fees and expenses requested in the January 2006 Monthly Statement. A true and correct copy of the January 2006 Monthly Statement is attached hereto and incorporated herein as *Exhibit J.*

23.    In accordance with the Interim Compensation Procedures Order, on June 20, 2006, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the month of February 2006 (the "*February 2006 Monthly Statement*"), seeking interim allowance of compensation in the amount of $45,730.80 (90% of the $50,812.00 in services billed) and reimbursement of actual and necessary expenses in the amount of $839.83, for a total of $46,570.63. No objections were received to the fees and expenses requested in the February 2006 Monthly Statement. A true and correct copy of the February 2006 Monthly Statement is attached hereto and incorporated herein as *Exhibit K.*

24.    In accordance with the Interim Compensation Procedures Order, on February 3, 2007, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the month of March 2006 (the "*March 2006 Monthly Statement*"), seeking interim allowance of compensation in the amount of $60,338.70 (90% of the $67,043.00 in services billed) and reimbursement of actual and necessary expenses in the amount of $2,175.94, for a total of $62,514.64. No objections were received to the fees and expenses requested in the March 2006 Monthly Statement. A true and correct copy of the March 2006 Monthly Statement is attached hereto and incorporated herein as *Exhibit L.*

25.    In accordance with the Interim Compensation Procedures Order, on February 4, 2007, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the

month of April 2006 (the "*April 2006 Monthly Statement*"), seeking interim allowance of compensation in the amount of $16,570.35 (90% of the $18,411.50 in services billed) and reimbursement of actual and necessary expenses in the amount of $135.25, for a total of $16,705.60. No objections were received to the fees and expenses requested in the April 2006 Monthly Statement. A true and correct copy of the April 2006 Monthly Statement is attached hereto and incorporated herein as *Exhibit M*.

26.    In accordance with the Interim Compensation Procedures Order, on February 4, 2007, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the month of May 2006 (the "*May 2006 Monthly Statement*"), seeking interim allowance of compensation in the amount of $47,333.25 (90% of the $52,592.50 in services billed) and reimbursement of actual and necessary expenses in the amount of $2,041.72, for a total of $49,374.97. No objections were received to the fees and expenses requested in the May 2006 Monthly Statement. A true and correct copy of the May 2006 Monthly Statement is attached hereto and incorporated herein as *Exhibit N*.

27.    In accordance with the Interim Compensation Procedures Order, on July 17, 2007, F&P served upon the Notice Parties, a monthly statement of fees and expenses for the month of August 2006 (the "*August 2006 Monthly Statement*"), seeking interim allowance of compensation in the amount of $152,762.85 (90% of the $169,736.50 in services billed) and reimbursement of actual and necessary expenses in the amount of $5,106.53, for a total of $157,869.38. No objections were received to the fees and expenses requested in the August 2006 Monthly Statement. A true and correct copy of the August 2006 Monthly Statement is attached hereto and incorporated herein as *Exhibit O*.

28.    The total amount held back from the Relevant Monthly Statements is $129,541.81. F&P hereby requests that the Court authorize the Trustee to pay this amount.

### III.    Periods For Which Interim Fee Applications or Monthly Statements Were Not Filed

29.    F&P also rendered services on behalf of the Trustee during the periods of: (i) April 2005 through July 2005; (ii) June 2006 through July 2006; and (ii) September 2006 through September 4, 2007, but has not served Monthly Statements, nor has it filed Interim Fee Applications, for fees and expenses incurred during those periods. F&P's fees and incurred expenses for each of these period is described below.

30.    For April 2005, F&P seeks approval of compensation in the amount of $82,540.50 and reimbursement of actual and necessary expenses in the amount of $3,260.69, for a total of $85,801.19. A detailed schedule of services rendered and expenses incurred by F&P during April 2005 is attached hereto and incorporated herein as *Exhibit P*.

31.    For May 2005, F&P seeks approval of compensation in the amount of $76,774.00 and reimbursement of actual and necessary expenses in the amount of $6,822.15, for a total of $83,596.15. A detailed schedule of services rendered and expenses incurred by F&P during May 2005 is attached hereto and incorporated herein as *Exhibit Q*.

32.    For June 2005, F&P seeks approval of compensation in the amount of $115,842.50 and reimbursement of actual and necessary expenses in the amount of $1,364.11, for a total of $117,206.61. A detailed schedule of services rendered and expenses incurred by F&P during June 2005 is attached hereto and incorporated herein as *Exhibit R*.

33.    For July 2005, F&P seeks approval of compensation in the amount of $75,194.00 and reimbursement of actual and necessary expenses in the amount of $1,968.65, for a total of

$77,162.65. A detailed schedule of services rendered and expenses incurred by F&P during July 2005 is attached hereto and incorporated herein as *Exhibit S*.

34.    For June 2006, F&P seeks approval of compensation in the amount of $163,724.00 and reimbursement of actual and necessary expenses in the amount of $14,980.92, for a total of $178,704.92. A detailed schedule of services rendered and expenses incurred by F&P during June 2006 is attached hereto and incorporated herein as *Exhibit T*.

35.    For July 2006, F&P seeks approval of compensation in the amount of $102,749.00 and reimbursement of actual and necessary expenses in the amount of $8,995.55, for a total of $111,744.55. A detailed schedule of services rendered and expenses incurred by F&P during July 2006 is attached hereto and incorporated herein as *Exhibit U*.

36.    For September 2006, F&P seeks approval of compensation in the amount of $126,912.00 and reimbursement of actual and necessary expenses in the amount of $34,542.70, for a total of $161,454.70. A detailed schedule of services rendered and expenses incurred by F&P during September 2006 is attached hereto and incorporated herein as *Exhibit V*.

37.    For October 2006, F&P seeks approval of compensation in the amount of $108,401.00 and reimbursement of actual and necessary expenses in the amount of $17,997.00, for a total of $126,398.00. A detailed schedule of services rendered and expenses incurred by F&P during October 2006 is attached hereto and incorporated herein as *Exhibit W*.

38.    For November 2006, F&P seeks approval of compensation in the amount of $94,877.50 and reimbursement of actual and necessary expenses in the amount of $4,382.38, for a total of $99,259.88. A detailed schedule of services rendered and expenses incurred by F&P during November 2006 is attached hereto and incorporated herein as *Exhibit X*.

39.    For December 2006, F&P seeks approval of compensation in the amount of $57,667.50 and reimbursement of actual and necessary expenses in the amount of $745.88, for a total of $58,413.38.  A detailed schedule of services rendered and expenses incurred by F&P during December 2006 is attached hereto and incorporated herein as *Exhibit Y.*

40.    For January 2007, F&P seeks approval of compensation in the amount of $149,687.00 and reimbursement of actual and necessary expenses in the amount of $3,912.87, for a total of $153,599.87.  A detailed schedule of services rendered and expenses incurred by F&P during January 2007 is attached hereto and incorporated herein as *Exhibit Z.*

41.    For February 2007, F&P seeks approval of compensation in the amount of $143,405.00 and reimbursement of actual and necessary expenses in the amount of $2,675.18, for a total of $146,080.18.  A detailed schedule of services rendered and expenses incurred by F&P during February 2007 is attached hereto and incorporated herein as *Exhibit AA.*

42.    For March 2007, F&P seeks approval of compensation in the amount of $147,006.00 and reimbursement of actual and necessary expenses in the amount of $3,190.01, for a total of $150,196.01.  A detailed schedule of services rendered and expenses incurred by F&P during March 2007 is attached hereto and incorporated herein as *Exhibit BB.*

43.    For April 2007, F&P seeks approval of compensation in the amount of $45,388.50 and reimbursement of actual and necessary expenses in the amount of $951.72, for a total of $46,290.22.  A detailed schedule of services rendered and expenses incurred by F&P during April 2007 is attached hereto and incorporated herein as *Exhibit CC.*

44.    For May 2007, F&P seeks approval of compensation in the amount of $111,130.00 and reimbursement of actual and necessary expenses in the amount of $1,517.01,

for a total of $112,647.01. A detailed schedule of services rendered and expenses incurred by F&P during May 2007 is attached hereto and incorporated herein as *Exhibit DD.*

45.    For June 2007, F&P seeks approval of compensation in the amount of $125,795.50 and reimbursement of actual and necessary expenses in the amount of $3,481.76, for a total of $129,277.26. A detailed schedule of services rendered and expenses incurred by F&P during June 2007 is attached hereto and incorporated herein as *Exhibit EE.*

46.    For July 2007, F&P seeks approval of compensation in the amount of $182,423.00 and reimbursement of actual and necessary expenses in the amount of $8,593.87, for a total of $191,016.87. A detailed schedule of services rendered and expenses incurred by F&P during July 2007 is attached hereto and incorporated herein as *Exhibit FF.*

47.    For August 2007, F&P seeks approval of compensation in the amount of $250,873.50 and reimbursement of actual and necessary expenses in the amount of $12,131.84, for a total of $263,005.34. A detailed schedule of services rendered and expenses incurred by F&P during August 2007 is attached hereto and incorporated herein as *Exhibit GG.*

## IV.    Payments Received by F&P to Date

48.    To date, F&P has received $1,278,618.04 from the Trustee on account of the First Interim Fee Application and the Monthly Statements filed.

## PAYMENT REQUESTED

49.    Pursuant to this Final Fee Application, F&P seeks an order authorizing the payment to F&P of $2,595,011.56, which represents unpaid amounts included within this Final Fee Application.

13

## DISCUSSION

50.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual,
> necessary services rendered by the . . . attorney and by any
> paraprofessional person . . . and . . . reimbursement for actual,
> necessary expenses. . . .  In determining the amount of reasonable
> compensation to be awarded, the court shall consider the nature,
> the extent, and the value of such services, taking into account all
> relevant factors, including – (A) the time spent on such services;
> (B) the rates charged for such services; (C) whether the services
> were necessary to the administration of, or beneficial at the time at
> which the service was rendered toward the completion of, a case
> under [the Bankruptcy Code]; (D) whether the services were
> performed within a reasonable amount of time commensurate with
> the complexity, importance, and nature of the problem, issue, or
> task addressed; and (E) whether the compensation is reasonable,
> based on the customary compensation charged by comparably
> skilled practitioners in cases other than cases under this title.

51.     The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours
> "reasonably" expended, the hourly rate of each [professional], the
> calculation of the time value of money (to account for delay in
> payment), potential increases and decreases to account for risk and
> the results obtained, and a complex of other considerations under
> the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal have

recognized that:

> [I]t is important for the court to maintain a sense of overall
> proportion and not become enmeshed in meticulous analysis of
> every detailed facet of the professional representation.  It is easy to
> speculate in retrospect that the work could have been done in less
> time or with fewer attorneys or with an associate rather than a
> partner.  On the other hand, it is also possible that [the client]
> would not have enjoyed the success it did had its counsel managed
> matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

14

52.    In reviewing the Final Fee Application, the Court should be guided by the
Seventh Circuit's instruction to ascertain whether such services were rendered and billed in
accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the
> equivalent of the medieval just price.  It is to determine what the
> lawyer would receive if he was selling his services in the market
> rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v.
McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to
encourage high standards of professional legal practice in the bankruptcy courts. . . .  Bankruptcy
courts must consider whether the fee awards are commensurate with fees for professional
services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in
bankruptcy courts.").

53.    In *Continental Securities*, the Seventh Circuit found error in the lower court's
practice of:  (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal
services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making
large across-the-board cuts in research time; (e) making large across-the-board cuts in conference
time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*,
LEXIS).  *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

54.    In evaluating the Final Fee Application, the Court should consider the novelty and
difficulty of the issues presented, the skill required to perform the legal services properly, the
preclusion of other employment caused by F&P's retention in this case, the customary fees
charged in similar cases, the existence of time limits under which the services were rendered, the
results obtained, the experience and ability of the attorneys involved, and the amount of awards
of compensation in similar cases.  *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

55.     F&P's hourly rates of compensation for those attorneys and para-professionals during the Final Fee Application Period periods range from $40 to $595 (however, no professional with an hourly rate in excess of $450 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. F&P consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible.

56.     A summary of the compensation requested herein regarding each of F&P's professionals and para-professionals is set forth below:

**Services Rendered In 2004**

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Atterberry, Rachel | Associate | 2004 | $200.00 | 122.4 | $24,480.00 |
| Colunga, Gia F. | Associate | 2004 | $200.00 | 4.7 | $940.00 |
| Curth, Daniel C. | Partner | 1995 | $355.00 | 3.8 | $1,349.00 |
| Di Bella, Gina | Associate | 2004 | $200.00 | 39.3 | $7,860.00 |
| Furcron, Hussein | Docket Coordinator | N/A | $40.00 | 13.0 | $520.00 |
| Galbreath, Lee E. | Secretary | N/A | $45.00 | 1.5 | $67.50 |
| Goldstein, Harley J. | Partner | 1998 | $420.00 | 495.4 | $208,068.00 |
| Gomez, Teresa | Paralegal | N/A | $145.00 | 183.6 | $26,622.00 |
| Gray, Jacquita D. | Paralegal Clerk | N/A | $95.00 | 0.6 | $57.00 |
| Hartmann, Steven M. | Partner | 1983 | $420.00 | 23.6 | $9,912.00 |
| Holland, Tracey | Paralegal | N/A | $145.00 | 7.7 | $1,116.50 |
| Kane, David L. | Associate | 2002 | $235.00 | 371.4 | $87,279.00 |
| Lamperis, Eleni S. | Associate | 1998 | $250.00 | 14.6 | $3,650.00 |
| Levin, Neal H. | Partner | 1990 | $420.00 | 4.5 | $1,890.00 |
| Madden, David M. | Associate | 2003 | $200.00 | 135.1 | $27,020.00 |
| Mayer, Jeffrey J. | Partner | 1986 | $450.00 | 17.0 | $7,650.00 |
| Moynihan, Michael A. | Partner | 1992 | $375.00 | 5.3 | $1,987.50 |
| Overlin, Patricia L. | Paralegal | N/A | $145.00 | 38.1 | $5,524.50 |
| Schlott, Kimberly L. | Paralegal | N/A | $155.00 | 0.4 | $62.00 |
| Traub, Richard J. | Partner | 1987 | $390.00 | 5.8 | $2,262.00 |

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Watson II, C. Edward | Partner | 1990 | $450.00 | 11.6 | $5,220.00 |
| **TOTAL** | | | | **1,499.4** | **$423,537.00** |
| **Blended Rate for All Timekeepers:** | | | **$282.47** | | |

### Services Rendered in 2005

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Allen, Patricia O. | Paralegal | N/A | $150.00 | 191.0 | $28,650.00 |
| Atterberry, Rachel | Associate | 2004 | $205.00 | 1.3 | $266.50 |
| Bartlett, Alan R. | Paralegal | N/A | $150.00 | 327.4 | $49,110.00 |
| Baumac, Krystyna | Paralegal | N/A | $140.00 | 14.8 | $2,072.00 |
| Benjamin, Deborah | Paralegal | N/A | $160.00 | 37.2 | $5,952.00 |
| Bott, Rebecca | Paralegal | N/A | $145.00 | 4.1 | $594.50 |
| Brodrick, Audrey L. | Summer Associate | 2007 | $190.00 | 12.1 | $2,299.00 |
| Bryan, Sarah H. | Law Clerk | N/A | $185.00 | 279.4 | $51,689.00 |
| Butler, Nicholas F. | Office Services | N/A | $45.00 | 1.3 | $58.50 |
| Clement, Henley J. | Paralegal Clerk | N/A | $92.00 | 3.5 | $322.00 |
| Colunga, Gia F. | Associate | 2004 | $205.00 | 9.1 | $1,865.50 |
| Cooper, Joel T. | Partner | 1981 | $460.00 | 2.0 | $920.00 |
| Curth, Daniel C. | Partner | 1995 | $370.00 | 1.9 | $703.00 |
| Darby, Ryan D. | Paralegal Clerk | N/A | $90.00 | 14.5 | $1,305.00 |
| Di Bella, Gina | Associate | 2004 | $205.00 | 52.0 | $10,660.00 |
| Dunham, Maureen B. | Paralegal | N/A | $160.00 | 3.5 | $560.00 |
| Durkin, Daniel T. | Paralegal | N/A | $150.00 | 0.5 | $75.00 |
| Fawkes, Thomas R. | Associate | 2002 | $250.00 | 237.5 | $59,375.00 |
| Furcron, Hussein | Docket Coordinator | N/A | $40.00 | 10.5 | $420.00 |
| Galbreath, Lee E. | Secretary | N/A | $45.00 | 7.5 | $337.50 |
| Gandhi, Ami D. | Associate | 2004 | $205.00 | 18.4 | $3,772.00 |
| Goldstein, Harley J. | Partner | 1998 | $450.00 | 673.7 | $303,165.00 |
| Gomez, Teresa | Paralegal | N/A | $150.00 | 297.1 | $44,565.00 |
| Hammer, Aaron L. | Partner | 1997 | $435.00 | 7.2 | $3,132.00 |
| Hobbins, Kathleen L. | Senior Counsel | 1995 | $355.00 | 30.4 | $10,792.00 |

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Holland, Tracey | Paralegal | N/A | $150.00 | 494.8 | $74,220.00 |
| Kallish, Marc | Associate | 1996 | $260.00 | 255.6 | $66,456.00 |
| Kane, David L. | Associate | 2002 | $250.00 | 439.1 | $109,775.00 |
| Kelly, Michael J. | Partner | 1980 | $450.00 | 27.7 | $12,465.00 |
| Kennerly, Ross M. | Paralegal Clerk | N/A | $90.00 | 4.1 | $369.00 |
| Keough, Nora B. | Paralegal | N/A | $150.00 | 13.2 | $1,980.00 |
| Koerth, Theodore J. | Associate | 2002 | $260.00 | 65.5 | $17,030.00 |
| Kornak, Michael P. | Partner | 1996 | $390.00 | 66.5 | $25,935.00 |
| Levin, Neal H. | Partner | 1990 | $450.00 | 120.0 | $54,000.00 |
| Madden, David M. | Associate | 2003 | $225.00 | 295.4 | $66,465.00 |
| Mayer, Jeffrey J. | Partner | 1986 | $450.00 | 85.5 | $38,475.00 |
| McAlister, Megan V. | Paralegal Clerk | N/A | $90.00 | 5.5 | $495.00 |
| Milos, Jennifer L. | Associate | 2001 | $245.00 | 19.6 | $4,802.00 |
| Neblett, Suzanne B. | Paralegal | N/A | $150.00 | 1.2 | $180.00 |
| Nettles, Brian | Paralegal | N/A | $150.00 | 9.1 | $1,365.00 |
| Novak, Anna Larson | Associate | 2001 | $230.00 | 317.8 | $73,094.00 |
| Pope, Maryjo | Paralegal | N/A | $160.00 | 30.3 | $4,848.00 |
| Pratt, Sarah L. | Office Services | N/A | $45.00 | 27.6 | $1,242.00 |
| Ramirez, Joao | Office Services | N/A | $45.00 | 5.5 | $247.50 |
| Scotti, Michael J. | Partner | 1991 | $370.00 | 73.1 | $27,047.00 |
| Swano, Amy L. | Paralegal | N/A | $150.00 | 7.7 | $1,155.00 |
| Takada, Joji | Associate | 2004 | $225.00 | 230.7 | $51,907.50 |
| Taylor, Chad E. | Paralegal Clerk | N/A | $92.00 | 4.8 | $441.60 |
| Weichman, Marie | Paralegal | N/A | $160.00 | 1.9 | $304.00 |
| Wise, Juthika | Paralegal | N/A | $160.00 | 0.9 | $144.00 |
| Zeller, Sheila C. | Associate | 1997 | $250.00 | 14.7 | $3,675.00 |
| **TOTAL** | | | | **4,855.7** | **$1,220,778.10** |
| **Blended Rate for All Timekeepers:** | | | **$251.41** | | |

## Services Rendered in 2006

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Allen, Patricia O. | Paralegal | N/A | $160.00 | 56.7 | $9,072.00 |

18

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Bartlett, Alan R. | Paralegal | N/A | $150.00 | 257.3 | $38,595.00 |
| Benjamin, Deborah | Paralegal | N/A | $160.00 | 1.5 | $240.00 |
| Bettenhausen, Jill M. | Paralegal Clerk | N/A | $105.00 | 37.0 | $3,885.00 |
| Bryan, Sarah H. | Law Clerk | N/A | $185.00 | 360.7 | $66,729.50 |
| DeNotto, Stephanie H. | Paralegal Clerk | N/A | $105.00 | 16.0 | $1,680.00 |
| DiRago, Joseph B. | Associate | 2004 | $235.00 | 121.8 | $28,623.00 |
| Durkin, Daniel T. | Paralegal | N/A | $150.00 | 14.1 | $2,115.00 |
| Fawkes, Thomas R. | Associate | 2002 | $265.00 | 453.7 | $120,230.50 |
| Franczyk, Cathleen | Paralegal | N/A | $165.00 | 9.6 | $1,584.00 |
| Furcron, Hussein | Docket Coordinator | N/A | $40.00 | 0.5 | $20.00 |
| Gandhi, Ami D. | Associate | 2004 | $225.00 | 16.6 | $3,735.00 |
| Goldstein, Harley J. | Partner | 1998 | $465.00 | 170.5 | $79,282.50 |
| Gomez, Teresa | Paralegal | N/A | $160.00 | 297.5 | $47,600.00 |
| Hammer, Aaron L. | Partner | 1997 | $450.00 | 1.8 | $810.00 |
| Hammerle, John C. | Associate | 2005 | $220.00 | 5.7 | $1,254.00 |
| Hammond, Ernestine | Secretary | N/A | $40.00 | 1.0 | $40.00 |
| Heller, Jeffrey M. | Law Clerk | N/A | $185.00 | 152.9 | $28,286.50 |
| Holland, Tracey | Paralegal | N/A | $150.00 | 618.2 | $92,730.00 |
| Kallish, Marc | Associate | 1996 | $260.00 | 297.6 | $77,376.00 |
| Kane, David L. | Associate | 2002 | $265.00 | 28.1 | $7,446.50 |
| Kelly, Michael J. | Partner | 1980 | $450.00 | 94.3 | $42,435.00 |
| Koerth, Theodore J. | Associate | 2002 | $260.00 | 245.3 | $63,778.00 |
| Kornak, Michael P. | Partner | 1996 | $390.00 | 87.9 | $34,281.00 |
| Levin, Neal H. | Partner | 1990 | $465.00 | 4.4 | $2,046.00 |
| Mayer, Jeffrey J. | Partner | 1986 | $450.00 | 63.1 | $28,395.00 |
| Mazzulla, Tina C. | Paralegal Clerk | N/A | $105.00 | 65.6 | $6,888.00 |
| McClintock, Matthew E. | Associate | 2003 | $250.00 | 465.9 | $116,475.00 |
| Moynihan, Michael A. | Partner | 1992 | $390.00 | 1.6 | $624.00 |
| Neblett, Suzanne B. | Paralegal | N/A | $150.00 | 32.0 | $4,800.00 |
| Nylen, Sven T. | Associate | 2002 | $265.00 | 228.2 | $60,473.00 |
| O'Brien, Michael T. | Paralegal | N/A | $195.00 | 3.3 | $643.50 |
| Paige, Kellie D. | Secretary | N/A | $45.00 | 0.8 | $36.00 |
| Pratt, Sarah L. | Office Services | N/A | $45.00 | 4.2 | $189.00 |
| Swano, Amy L. | Paralegal | N/A | $160.00 | 3.2 | $512.00 |
| Takada, Joji | Associate | 2004 | $240.00 | 10.6 | $2,544.00 |
| Ter Molen, David L. | Associate | 1999 | $275.00 | 5.7 | $1,567.50 |

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Thoma, Susan E. | Paralegal | N/A | $160.00 | 597.0 | $95,520.00 |
| Weichman, Marie | Paralegal | N/A | $165.00 | 6.0 | $990.00 |
| Wise, Juthika | Paralegal | N/A | $160.00 | 3.2 | $512.00 |
| **TOTAL** | | | | **4,841.1** | **$1,074,043.50** |
| **Blended Rate for All Timekeepers:** | | | **$221.86** | | |

## Services Rendered in 2007

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Allen, Patricia O. | Paralegal | N/A | $165.00 | 1.8 | $297.00 |
| Ballantyne, Patricia | Secretary | N/A | $45.00 | 3.0 | $135.00 |
| Bartlett, Alan R. | Paralegal | N/A | $195.00 | 8.8 | $1,716.00 |
| Bettenhausen, Jill M. | Paralegal Clerk | N/A | $105.00 | 18.5 | $1,942.50 |
| Brodrick, Audrey L. | Associate | 2007 | $225.00 | 22.0 | $4,950.00 |
| Bryan, Sarah H. | Law Clerk | N/A | $190.00 | 77.1 | $14,649.00 |
| Clement, Henley J. | Paralegal | N/A | $160.00 | 11.0 | $1,760.00 |
| Darby, Ryan D. | Paralegal | N/A | $170.00 | 90.8 | $15,436.00 |
| DeNotto, Stephanie H. | Paralegal Clerk | N/A | $105.00 | 3.5 | $367.50 |
| DiRago, Joseph B. | Associate | 2004 | $250.00 | 126.8 | $31,700.00 |
| Dirienzo, Nick M. | Paralegal Clerk | N/A | $105.00 | 1.9 | $199.50 |
| Durkin, Daniel T. | Paralegal | N/A | $160.00 | 58.3 | $9,328.00 |
| Fawkes, Thomas R. | Associate | 2002 | $275.00 | 439.5 | $122,142.50 |
| Gandhi, Ami D. | Associate | 2004 | $245.00 | 3.8 | $931.00 |
| Girsch, Rebecca M. | Associate | 2000 | $260.00 | 4.7 | $1,222.00 |
| Goldstein, Harley J. | Partner | 1998 | $475.00 | 220.3 | $104,642.50 |
| Gomez, Teresa | Paralegal | N/A | $165.00 | 247.5 | $40,837.50 |
| Hammerle, John C. | Associate | 2005 | $240.00 | 1.2 | $288.00 |
| Heller, Jeffrey M | Law Clerk | N/A | $190.00 | 74.9 | $14,231.00 |
| Holland, Tracey | Paralegal | N/A | $160.00 | 68.3 | $10,928.00 |
| Jacobs, John F. | Associate | 1993 | $260.00 | 0.5 | $130.00 |
| Jazwiec, Jenny | Paralegal Clerk | N/A | $105.00 | 92.9 | $9,754.50 |
| Kallish, Marc | Associate | 1996 | $275.00 | 501.8 | $137,992.00 |
| Kelly, Michael J. | Partner | 1980 | $470.00 | 30.0 | $14,100.00 |

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Keough, Nora B | Paralegal | N/A | $170.00 | 145.7 | $24,769.00 |
| Koerth, Theodore J. | Associate | 2002 | $275.00 | 129.4 | $35,585.00 |
| Kornak, Michael P. | Partner | 1996 | $405.00 | 113.2 | $45,846.00 |
| Mayer, Jeffrey J. | Partner | 1986 | $470.00 | 200.5 | $94,235.00 |
| Mayer, Michael S. | Associate | 2006 | $220.00 | 111.5 | $24,530.00 |
| Mazzulla, Tina C | Paralegal Clerk | N/A | $110.00 | 62.5 | $6,875.00 |
| McClintock, Matthew E. | Associate | 2003 | $260.00 | 808.2 | $210,132.00 |
| Morgan, James E. | Partner | 2001 | $475.00 | 152.1 | $72,247.50 |
| Nettles, Brian | Paralegal | N/A | $160.00 | 6.5 | $1,040.00 |
| Nylen, Sven T. | Associate | 2002 | $275.00 | 25.7 | $7,067.50 |
| Pratt, Sarah | Office Services | N/A | $40.00 | 0.6 | $24.00 |
| Rose, Suzanne M. | Associate | 1999 | $260.00 | 16.5 | $4,290.00 |
| Smith, Gilbert | Office Services | N/A | $60.00 | 30.0 | $1,800.00 |
| Smith, Laura A. | Paralegal | N/A | $160.00 | 0.5 | $80.00 |
| Swano, Amy L | Paralegal | N/A | $180.00 | 5.8 | $1,044.00 |
| Thoma, Susan E. | Paralegal | N/A | $165.00 | 520.5 | $85,882.50 |
| Weichman, Marie | Paralegal | N/A | $180.00 | 0.8 | $144.00 |
| **TOTAL** | | | | **4,438.9** | **$1,155,271.00** |
| **Blended Rate for All Timekeepers:** | | | **$260.26** | | |

## Services Rendered During Final Fee Application Period

| Timekeeper | Title | Year of Illinois Bar Admission | Total Hours | Total Compensation Requested |
|---|---|---|---|---|
| Allen, Patricia O. | Paralegal | N/A | 287.6 | $43,543.50 |
| Atterberry, Rachel | Associate | 2004 | 123.7 | $24,746.50 |
| Ballantyne, Patricia | Secretary | N/A | 3.0 | $135.00 |
| Bartlett, Alan R. | Paralegal | N/A | 593.5 | $89,421.00 |
| Baumac, Krystyna | Paralegal | N/A | 14.8 | $2,072.00 |
| Benjamin, Deborah | Paralegal | N/A | 38.7 | $6,192.00 |
| Bettenhausen, Jill M. | Paralegal Clerk | N/A | 55.5 | $5,827.50 |
| Bott, Rebecca | Paralegal | N/A | 4.1 | $594.50 |
| Brodrick, Audrey L. | Associate | 2007 | 34.1 | $7,249.00 |
| Bryan, Sarah H. | Law Clerk | N/A | 717.2 | $133,067.50 |
| Butler, Nicholas F. | Office Services | N/A | 1.3 | $58.50 |
| Clement, Henley J. | Paralegal Clerk | N/A | 14.5 | $2,082.00 |

| Timekeeper | Title | Year of Illinois Bar Admission | Total Hours | Total Compensation Requested |
|---|---|---|---|---|
| Colunga, Gia F. | Associate | 2004 | 13.8 | $2,805.50 |
| Cooper, Joel T. | Partner | 1981 | 2.0 | $920.00 |
| Curth, Daniel C. | Partner | 1995 | 5.7 | $2,052.00 |
| Darby, Ryan D. | Paralegal | N/A | 105.3 | $16,741.00 |
| DeNotto, Stephanie H. | Paralegal Clerk | N/A | 19.5 | $2,047.50 |
| Di Bella, Gina | Associate | 2004 | 91.3 | $18,520.00 |
| DiRago, Joseph B. | Associate | 2004 | 248.6 | $60,323.00 |
| Dirienzo, Nick M. | Paralegal Clerk | N/A | 1.9 | $199.50 |
| Dunham, Maureen B. | Paralegal | N/A | 3.5 | $560.00 |
| Durkin, Daniel T. | Paralegal | N/A | 72.9 | $11,518.00 |
| Fawkes, Thomas R. | Associate | 2002 | 1,130.7 | $301,748.00 |
| Franczyk, Cathleen | Paralegal | N/A | 9.6 | $1,584.00 |
| Furcron, Hussein | Docket Coordinator | N/A | 24.0 | $960.00 |
| Galbreath, Lee E. | Secretary | N/A | 9.0 | $405.00 |
| Gandhi, Ami D. | Associate | 2004 | 38.8 | $8,438.00 |
| Girsch, Rebecca M. | Associate | 2000 | 4.7 | $1,222.00 |
| Goldstein, Harley J. | Partner | 1998 | 1,559.9 | $695,158.00 |
| Gomez, Teresa | Paralegal | N/A | 1,025.7 | $159,624.50 |
| Gray, Jacquita D. | Paralegal Clerk | N/A | 0.6 | $57.00 |
| Hammer, Aaron L. | Partner | 1997 | 9.0 | $3,942.00 |
| Hammerle, John C. | Associate | 2005 | 6.9 | $1,542.00 |
| Hammond, Ernestine | Secretary | N/A | 1.0 | $40.00 |
| Hartmann, Steven M. | Partner | 1983 | 23.6 | $9,912.00 |
| Heller, Jeffrey M. | Law Clerk | N/A | 227.8 | $42,517.50 |
| Hobbins, Kathleen L. | Senior Counsel | 1995 | 30.4 | $10,792.00 |
| Holland, Tracey | Paralegal | N/A | 1,189.0 | $178,994.50 |
| Jacobs, John F. | Associate | 1993 | 0.5 | $130.00 |
| Jazwiec, Jenny | Paralegal Clerk | N/A | 92.9 | $9,754.50 |
| Kallish, Marc | Associate | 1996 | 1,055.0 | $281,824.00 |
| Kane, David L. | Associate | 2002 | 838.6 | $204,500.50 |
| Kelly, Michael J. | Partner | 1980 | 152.0 | $69,000.00 |
| Kennerly, Ross M. | Paralegal Clerk | N/A | 4.1 | $369.00 |
| Keough, Nora B. | Paralegal | N/A | 158.9 | $26,749.00 |
| Koerth, Theodore J. | Associate | 2002 | 440.2 | $116,393.00 |
| Kornak, Michael P. | Partner | 1996 | 267.6 | $106,062.00 |
| Lamperis, Eleni S. | Associate | 1998 | 14.6 | $3,650.00 |
| Levin, Neal H. | Partner | 1990 | 128.9 | $57,936.00 |
| Madden, David M. | Associate | 2003 | 430.5 | $93,485.00 |
| Mayer, Jeffrey J. | Partner | 1986 | 366.1 | $168,755.00 |
| Mayer, Michael S. | Associate | 2006 | 111.5 | $24,530.00 |
| Mazzulla, Tina C. | Paralegal Clerk | N/A | 128.1 | $13,763.00 |

| Timekeeper | Title | Year of Illinois Bar Admission | Total Hours | Total Compensation Requested |
|---|---|---|---|---|
| McAlister, Megan V. | Paralegal Clerk | N/A | 5.5 | $495.00 |
| McClintock, Matthew E. | Associate | 2003 | 1,274.1 | $326,607.00 |
| Milos, Jennifer L. | Associate | 2001 | 19.6 | $4,802.00 |
| Morgan, James E. | Partner | 2001 | 152.1 | $72,247.50 |
| Moynihan, Michael A. | Partner | 1992 | 6.9 | $2,611.50 |
| Neblett, Suzanne B. | Paralegal | N/A | 33.2 | $4,980.00 |
| Nettles, Brian | Paralegal | N/A | 15.6 | $2,405.00 |
| Novak, Anna Larson | Associate | 2001 | 317.8 | $73,094.00 |
| Nylen, Sven T. | Associate | 2002 | 253.9 | $67,540.50 |
| O'Brien, Michael T. | Paralegal | N/A | 3.3 | $643.50 |
| Office Services | Office Services | N/A | 0.6 | $24.00 |
| Paige, Kellie D. | Secretary | N/A | 0.8 | $36.00 |
| Pope, Maryjo | Paralegal | N/A | 30.3 | $4,848.00 |
| Pratt, Sarah L. | Office Services | N/A | 31.8 | $1,431.00 |
| Ramirez, Joao | Office Services | N/A | 5.5 | $247.50 |
| Rose, Suzanne M. | Associate | 1999 | 16.5 | $4,290.00 |
| Schlott, Kimberly L. | Paralegal | N/A | 0.4 | $62.00 |
| Scotti, Michael J. | Partner | 1991 | 73.1 | $27,047.00 |
| Smith, Gilbert | Office Services | N/A | 30.0 | $1,800.00 |
| Smith, Laura A. | Paralegal | N/A | 0.5 | $80.00 |
| Swano, Amy L. | Paralegal | N/A | 16.7 | $2,711.00 |
| Takada, Joji | Associate | 2004 | 241.3 | $54,451.50 |
| Taylor, Chad E. | Paralegal Clerk | N/A | 4.8 | $441.60 |
| Ter Molen, David L. | Associate | 1999 | 5.7 | $1,567.50 |
| Thoma, Susan E. | Paralegal | N/A | 1,117.5 | $181,402.50 |
| Traub, Richard J. | Partner | 1987 | 5.8 | $2,262.00 |
| Watson II, C. Edward | Partner | 1990 | 11.6 | $5,220.00 |
| Weichman, Marie | Paralegal | N/A | 8.7 | $1,438.00 |
| Wise, Juthika Chakraborty | Paralegal | N/A | 4.1 | $656.00 |
| Zeller, Sheila C. | Associate | 1997 | 14.7 | $3,675.00 |
| **TOTAL:** | | | **15,635.1** | **$3,873.629.60** |
| **Blended Rate for All Timekeepers:** | | **$247.75** | | |

57.    No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with these chapter 11 cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

58.    F&P reserves the right to correct, amend, or supplement this Final Fee Application.

<u>**SERVICES PERFORMED AND RESULTS ACHIEVED**</u>

59.    This Final Fee Application sets forth in detail the work performed by F&P and the time spent during the Final Fee Application Period.  The principal tasks performed by F&P's professionals on behalf of the Trustee in these cases may be categorized as:  (i) general case administration; (ii) overseeing the marketing and sale of the Debtors' real estate assets, including devising a novel "designation rights" procedure related to the same; (iii) investigation of the Debtors' principals' conduct, and negotiation and documentation of a global settlement with such principals; (iv) prosecution of an adversary proceeding against Real Estate Resource Management, LLC ("*RERM*") and its principals based on their breaches of a contract to purchase a significant real estate asset of the Debtors; (v) investigation of a Ponzi scheme (the "*Ponzi Scheme*") allegedly carried out by the Debtors' principals; and (vi) prosecuting claims against over seven hundred (700) individuals and entities believed to have been participants in, and beneficiaries of, the Ponzi Scheme.  The services rendered by F&P to the Trustee are described in further detail below (a breakdown of the fees relative to specific services performed is attached as *Exhibit JJ)*:

I.    <u>**General Case Administration**</u>

60.    Throughout its representation of the Trustee, F&P performed a variety of tasks aimed at the effective administration of the Debtors' estates and assets.  Among other things, these tasks included:  (i) fielding inquiries from parties-in-interests, including creditors, investors, the Office of the United States Trustee, and other estate professionals; (ii) administering the claims process, including reviewing and analyzing filed proofs of claim; (iii)

24

attending and conducting all hearings and status conferences related to these cases before this Court; (iv) filing and prosecuting all motions necessary to the administration of the cases; (v) addressing issues concerning the Debtors' real estate assets; (vi) evaluating non-real estate property of the Debtors' estates; and (vii) assisting in the preparation of all reports required to be filed by the Trustee. Each of these tasks were necessary to the administration of these cases and benefited the Debtors' estates.

## II.    **Disposition of Debtors' Real Estate Assets**

61.    Against considerable opposition, and on behalf of and in conjunction with the Trustee, F&P crafted and obtained approval of a novel and complex "designation rights deal," handled significant property disposition and lien assessment and resolution issues, and transformed the Debtors' heavily encumbered real properties into the resources necessary to fund the Trustee's investigation of the Debtors' assets and conduct.

62.    Pursuant to the designation rights order entered by the Court, the Trustee was authorized to retain a designation rights agent, who was charged with rehabilitating, developing, marketing, and selling nine of the Debtors' real estate holdings – which included vacant land, single-family residences, undeveloped single-family home lots, the mid-rise Polo Tower condominium, over one hundred townhome units, a vacant banquet hall, and additional condominium units. The Trustee, through the designation rights agent, was authorized with no further Court approval to sell each of these properties pursuant to section 363 of the Bankruptcy Code, free and clear of liens, claims, and encumbrances, with valid and properly perfected liens on such properties attaching to the proceeds thereof.

63.    The designation rights process developed by F&P allowed the Trustee to dispose of key assets of the Debtors in an efficient, cost-effective manner, and resulted in substantial benefit to the Debtors' estates.

## III.    Investigation of Debtors' Principals' Conduct

64.    Shortly after retention, F&P was enlisted to undertake an intensive investigation into Hasan Merchant's financial and business affairs.  With a concentration in white collar fraud, F&P aggressively and quickly ferreted out many abnormalities in the Debtors' affairs.  The investigation included several Bankruptcy Rule 2004 examinations of key participants and business affiliates of the Debtors and their business operations, as well as a comprehensive forensic examination of the Debtors' computers and accounting systems, third-party investigation and surveillance of Mr. Merchant, and the review of many thousands of pages of documents and public records.

65.    In less than five months, F&P's fraud examination team uncovered wrongful distributions, fraudulent transfers, commingling, conversion and what appeared to be the framework for the Ponzi Scheme.  Confronted with these discoveries, Mr. Merchant and his wife, Sheri Merchant, were left little choice but to settle the various claims being developed by the Trustee.  As a result of the efforts of F&P and the Trustee, over $1 million dollars in unencumbered funds been produced for the Debtors' bankruptcy estate, and in addition, the Trustee and the Debtors entered into a settlement agreement whereby the Trustee agreed to waive his right to object to the Merchants' discharge in exchange for a series of installment payments to the Debtors' estates totaling $4 million.  This settlement has, and will continue to bring, substantial sums into the Debtors' estates for the benefit of creditors.

IV.    **Prosecution of RERM Adversary Proceeding**

66.    A significant aspect of F&P's representation of the Trustee was based on the Trustee's filing and prosecution of an adversary proceeding against Real Estate Resource Management, LLC ("*RERM*") and two of its principals.  In the RERM adversary proceeding, the Trustee alleged, among other things, that the defendants breached a contract to purchase one of the Debtors' most significant real property holdings – the Polo Tower condominium located at 4180 N. Marine Drive, Chicago, IL.

67.    After a lengthy pre-trial process, which involved significant discovery disputes and multiple substitutions of counsel by the Defendants, as well as numerous dispositive motions, the RERM adversary proceeding went to trial in September 2007.  Ultimately, Judge Schmetterer found in favor of the Trustee on his breach of contract count, awarding damages of $150,000.

V.    **Investigation of Debtors' Ponzi Scheme**

68.    F&P was charged with conducting an investigation into the existence of a fraudulent scheme orchestrated by the Debtors, and in particular, the principal of the Debtors, Merchant, in a wide-ranging effort to obtain financial gain for certain of the Debtors' investors, including Merchant, while fleecing other investors.  The vehicle for this fraud was an illegal "Ponzi" scheme, whereby the Debtors promised large returns to investors by continually using recent investments to satisfy previous investments without actually creating anything of value. This scheme embraced a broad range of unlawful activity – creation of false contracts, forgery, embezzlement, bribery, and even immigration fraud.  In the end, some of the Debtors' largest investors and associates, and others in charge of the scheme, did receive the payments promised to them, though many investors were simply defrauded of their investments.

69.     This investigation proved to be extraordinarily complex and difficult, given the sheer volume of investments made in the Debtors' business enterprises, the number of alleged participants in the Debtors' "Ponzi" scheme, and a complete lack of reliable records maintained by the Debtors – in no small part due to the apparent destruction of the Debtors' electronically-stored documents.   Therefore, in order to fully investigate the alleged "Ponzi" scheme, F&P issued hundreds of subpoenas to alleged investors, financial institutions, and business associates of the Debtors, reviewed hundreds of thousands of pages of documentation received from a variety of sources, and conducted dozens of interviews of the Debtors' principals, former employees, business associates, and alleged investors.

## VI.   Prosecution of Ponzi Scheme Adversary Proceedings

70.     As a result of the investigation conducted by F&P, the Trustee determined that several hundred individuals and entities may have received, collectively, tens of millions of dollars in pre-Petition Date transfers that were potentially avoidable and recoverable by the Trustee under sections 544, 548, and 550 of the Bankruptcy Code for the benefit of the Debtors' unsecured creditors.   F&P was thus charged with drafting, filing, and prosecuting adversary proceedings against these transferees.

71.     In June 2006, F&P initiated an adversary proceeding against over seven hundred (700) defendants, and subsequently, pursuant to a severance order entered by the Court, initiated individual adversary proceedings against over one hundred and thirty (130) individuals and entities believed to have received avoidable fraudulent transfers from the Debtors during the relevant pre-Petition Date periods.   In the fifteen months following the initiating of those proceedings, through the date upon which F&P concluded its service to the Trustee, F&P engaged in a panoply of litigation-related activities, including:  (i) defending scores of motions to

dismiss and motions for summary judgment filed by defendants; (ii) drafting discovery requests, responding to discovery served on the Trustee, and participating in both formal and informal discussions with defendants (or their counsel) regarding a potential resolution of the Trustee's claims; (iii) entering into settlements with a number of defendants; and (iv) ultimately dismissing a number of adversary proceedings upon a determination that the prosecution of a more limited number of adversary proceedings was in the best interests of the Debtors' estates. As of the date upon which Bell Boyd was substituted as counsel to the Trustee, approximately seventy (70) adversary proceedings filed by the Trustee were pending.

72.    Accordingly, F&P is entitled to compensation and reimbursement of expenses in the aggregate amount of $3,873,629.60, as evidenced by the First Interim Fee Applications, the Relevant Monthly Statements, and the schedule of services rendered during the periods from April 2005 through July 2005, June 2006 through July 2006, and September 2006 through September 4, 2007.

## EXPENSES INCURRED

73.    Detailed itemizations of all expenses incurred are incorporated in the First Interim Fee Application, the Monthly Statements for each of the months from January 2005 through March 2005, August 2005 through May 2006, and August 2006, and the detailed itemization of expenses attached hereto for the periods from April 2005 through July 2005, June 2006 through July 2006, and September 2006 through September 4, 2007. Expenses during the Final Fee Application Period were incurred in the following general categories:

(a)    <u>Air Express Delivery</u>: F&P incurred air express delivery charges in the amount of $1,685.15. In all of its bankruptcy and non-bankruptcy cases, F&P uses commercial air express, overnight shipping, and delivery services. These expenses are necessary because

numerous parties, entities, and their counsel are located outside of Chicago and are entitled to receive prompt notice of pleadings and prompt and secure delivery of important documents. F&P incurred actual out-of-pocket expenses in connection with such overnight deliveries, all of which were necessary for the proper representation of the Trustee. F&P makes no profit on these expenses.

(b)    <u>Computer Legal Research</u>: The computerized research services, charges for which amounted to $61,342.49, allowed F&P to reduce the time expended in researching complex areas of law. The information obtained from such computer assisted research was instrumental in preparing and arguing certain pleadings. The Seventh Circuit has stated that even the most experienced attorney must conduct (or have conducted for her) research to evaluate changes in the law, address new issues, and refresh her recollection. Failure to do so would be to court sanctions or a malpractice suit. *Continental Illinois Securities Litigation*, 962 F.2d at 570.

(c)    <u>Court Filing and Recording Fees</u>: F&P incurred expenses in the amount of $47,813.00, representing fees collected by the bankruptcy court and state courts in proceedings involving the Trustee, and in obtaining documents from recorders' offices. Notably, F&P incurred substantial expenses with respect to Bankruptcy Court filing fees for initiating adversary proceedings against those individuals and entities that are alleged to have participated in the Ponzi Scheme. F&P makes no profit on these expenses.

(d)    <u>Local Travel and Messenger Expenses</u>: F&P incurred expenses in the amount of $4,612.74 in connection with necessary local messenger and travel expenses. Local messenger services were necessary to provide large pleadings, motions, and other documents to parties in a timely manner. F&P incurred local travel expenses in connection with attending

various meetings and court hearings, and for individuals who worked outside of business hours to meet deadlines. F&P incurred actual out-of-pocket expenses in relation to such local travel and messenger deliveries, all of which were necessary for the proper representation of the Trustee in these bankruptcy proceedings. F&P uses outside messenger services and makes no profit on these expenses.

(e)   Photocopying:   Although F&P incurred internal copying and printing charges in the amount of $55,021.70, F&P has reduced these expenses by one-half, or $27,510.85. Thus, while the costs charged for F&P's in-house duplication service is twenty cents per copy, the cost charged herein is ten cents per copy. The documents copied included correspondence, pleadings, research, briefs, memoranda, and similar materials relating to this bankruptcy case. F&P maintains a record of in-house copies made through a computerized system. This procedure requires an operator to key in a client's code number on a keypad attached to the copier. For large projects, F&P uses outside copy services for purposes of efficiency and charges amounts actually incurred, and incurred expenses for these services in the amount of $16,394.93. Such copying charges were necessary to the proper representation of the Trustee in these bankruptcy proceedings.

(f)   Subpoena and Witness Fees:   F&P incurred expenses in the amount of $841.17 for subpoena and witness fees. These expenses were necessary for the Trustee to conduct his investigation into the Debtors and their principals, and allowed the Trustee to secure the testimony of key witnesses to the Debtors' conduct. F&P makes no profit on these expenses.

(g)   Court Reporter Fees:   F&P incurred expenses in the amount of $15,551.65 for fees paid to court reporters. These expenses were incurred in order to have court reporters present at a number of depositions conducted in conjunction with F&P's investigation of the

Debtors and their principals, and in order to obtain transcripts of certain key Court hearings in these cases. These expenses were necessary to F&P's representation of the Trustee, and F&P makes no profit on these expenses.

(h)    <u>Other Fees, Other Outside Services, Miscellaneous Expenses, and Meal and Conference Expenses</u>: F&P incurred expenses in the amount of $19,472.01 in connection with necessary fees in other categories. Such categories included wire fees for funds transfers, outside document filing, court docket fees, and retrieval services, and miscellaneous meals and costs.

74.    All expenses incurred by F&P in connection with its representation of the Trustee were ordinary and necessary expenses. All expenses billed to the Trustee were billed in the same manner as F&P bills non-bankruptcy clients.

75.    F&P does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions. Instead, such expenses are factored into F&P's hourly rates. F&P has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## BILLING ACCOMMODATION

76.    F&P recognizes that while it is expected that substantial sums may be brought into the Debtors' estates in the future, both as a result of the Merchant Settlement and recoveries on the Ponzi Scheme avoidance actions brought by the Trustee, the administrative claims sought by the Trustee and his professionals are substantial, and run the risk of fully subsuming available estate resources. Moreover, F&P recognizes that significant amounts of time and resources were

devoted to the prosecution of certain claims on behalf of the Trustee, the viability of which were questioned by both Judge Goldgar and Judge Schmetterer. The Court will recall that the lead attorney acting on behalf of the Trustee (after first acting on behalf of the Committee of Unsecured Creditors) was Harley Goldstein. F&P itself believes that Mr. Goldstein's billed time in the matter, and the amount of time that was expended resulting from decisions to preosecute these questionable claims, was indeed excessive.[1] Moreover, even Mr. Goldstein's participation as a witness in the prosecution of one of those claims was questioned by Judge Schmetterer directly. *See* Findings of Fact and Conclusions of Law, *Brown v. RERM,* 04A4032, attached as *Exhibit KK.*

77.    Accordingly, with an obligation to only seek recovery of fees that were "reasonably expended," and in the interest of preserving estate property for the benefit of the Debtors' unsecured creditors, F&P is willing to provide a considerable accommodation to the estates by reducing its request for compensation, and its corresponding request for payment, in the amount of $774,725.92.

## REQUEST TO LIMIT NOTICE

78.    Pursuant to Bankruptcy Rule 2002(a), twenty days' notice of this Final Fee Application has been provided to: (a) the Trustee; (b) the Trustee's successor counsel; (c) the Office of the United States Trustee; (d) the Debtors' counsel; (e) all parties who have filed a request to receive notice pursuant to Bankruptcy Rule 2002.

In light of the circumstances in this case, limiting the notice to those parties which have been most active in the case is appropriate. Bankruptcy Rule 2002(a)(6) ordinarily requires

---

[1] In fact, the time which is itemized in this application is far less than that which was actually expended, as before his departure from Freeborn & Peters, LLC on September 4, 2007, Mr. Goldstein failed to account for his own time covering several months. Repeated requests directed to Mr. Goldstein to account for his time since his departure have gone unanswered.

twenty days' notice to all creditors of a hearing request for compensation and reimbursement of expenses if the requests exceeds $1,000.00. Notice to all creditors will only increase costs and will not be of significant benefit to the estate.

WHEREFORE, F&P respectfully requests that the Court enter an order:

(a)     allowing F&P $3,873,629.60 in final compensation for the Final Fee Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a) of title 11 of the United States Code;

(b)     allowing F&P $178,829.06 in final reimbursable expenses (net of expense reimbursement reductions) for the Final Fee Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a) of title 11 of the United States Code;

(c)     authorizing payment to F&P of $1,820,856.64 in fees, representing all unpaid amounts owing to F&P on account of the First Interim Fee Application, the Relevant Monthly Statements, and the periods of April 2005 through July 2005, June 2006 through July 2006, and September 2006 through September 4, 2007, as reduced by the accommodation offered by F&P above);

(d)     authorizing payment to F&P of $178,829.06 in unpaid expenses

(e)     limiting notice of the relief requested herein; and

(f)     granting such other and further relief as the Court deems just and proper.

34

Dated:  May 20, 2009                    **FREEBORN & PETERS LLP**


                                By:      _____/s/ Neal Levin_____
                                         Michael J. Kelly (No. 3128055)
                                         Steven M. Hartmann (No. 6185428)
                                         Neal H. Levin (No. 6203156)
                                         FREEBORN & PETERS LLP
                                         311 South Wacker Drive, Suite 3000
                                         Chicago, Illinois 60606
                                         Telephone:  312.360.6000
                                         Facsimile:  312.360.6520