## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CHAPTER 7** |
| | ) | |
| **POLO BUILDERS, INC.,** *et al.,* | ) | **CASE NO. 04 B 23758** |
| | ) | |
| **DEBTORS.** | ) | **JUDGE GOLDGAR** |
| | ) | |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION
### (Appendix to Rule 607)

Name of Applicant:　　　　　　　　　　　SPRINGER, BROWN, COVEY, GAERTNER
Authorized to provide　　　　　　　　　　& DAVIS, LLC
Professional services to:　　　　　　　　　TRUSTEE

Date of Order Authorizing Employment:　　NOVEMBER 8, 2004

Period for which
Compensation is sought:　　　　　　　　　OCTOBER 15, 2004 – JUNE 14, 2012

Amount of fees sought:　　　　　　　　　　$319,963.70

Amount of expense
Reimbursement sought:　　　　　　　　　　$ 14,005.82

This is an:　　Interim Application \_\_\_\_\_　　　　Final Application　X　\_\_\_\_\_

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered
and expenses incurred herein are: $181,759.30.

　　　　　　　　　　　　　　　　Applicant:
　　　　　　　　　　　　　　　　SPRINGER, BROWN, COVEY,
　　　　　　　　　　　　　　　　GAERTNER & DAVIS, LLC

　　　　　　　　　　　　　　　　/S/ Michael J. Davis /s/
Dated: JUNE 14, 2012　　　　　By: _____ _____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CHAPTER 7** |
| | ) | |
| **POLO BUILDERS, INC., *et al*.,** | ) | **CASE NO. 04 B 23758** |
| | ) | |
| **DEBTORS.** | ) | **JUDGE GOLDGAR** |
| | ) | **HEARING DATE:  10/10/12** |
| | ) | **10:00 AM** |

### NOTICE OF MOTION

TO:  See Service List

     **PLEASE TAKE NOTICE** that on October 10, 2012, at the hour of 10:00 A.M., we shall appear before the Honorable A. Benjamin Goldgar, U.S. Bankruptcy Judge, in Courtroom 613 at the United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or any other judge sitting in his place and stead, and then and there present the Final Application For Approval of Compensation and Expense Reimbursement to Springer, Brown, Covey, Gaertner & Davis, LLC, a copy of which is hereby served upon you.  All objections to the Final Application must be in writing and filed with the Clerk of the Court on or before August 17, 2012, or be forever barred.

### *AT WHICH TIME AND PLACE YOU MAY APPEAR AND BE HEARD*

Michael J. Davis
Springer, Brown, Covey, Gaertner & Davis, L.L.C.
400 South County Farm Road, Suite 330
Wheaton, IL 60187
(630) 510-0000
dbrown@springerbrown.com

### CERTIFICATE OF SERVICE

     The undersigned, an attorney, certifies that a copy of the foregoing was served upon the parties listed on the Service List either by ECF service or by depositing a copy thereof in the United States Mail, first class postage prepaid, on or before June 14, 2012.

/s/ Michael J. Davis /s/

## SERVICE LIST

**ECF Service:**

William T. Neary, Esq.                          United States Trustee
USTPRegion11.ES.ECF@usdoj.gov

Steven B. Towbin, Esq.                          Debtors
Richard M. Fogel, Esq.
Shaw Gussis Fishman
  Glantz, Wolfson & Towbin, LLC
stowbin@shawgussis.com

Joel R. Nathan, Esq.                            United States of America
Office of the U.S. Attorney
joel.nathan@usdoj.gov

Harley J.  Goldstein, Esq.                      Trustee/K&L Gates, LLP
Goldstein & McClintock
Harley.Goldstein@klgates.com

Neal H. Levin, Esq.                             Trustee/Freeborn & Peters LLC
Freeborn & Peters, LLP
nhlevin@freebornpeters.com

John M. Riccione
Aronberg, Goldgehn, Davis & Garmisa
jriccione@agdglaw.com

Eugene S. Kraus, Esq.                           4180 N Marine Drive LLC
Scott & Kraus, LLC                              Parkway Bank
ekraus@skcounsel.com

Douglas C. Giese, Esq.                          Anita and Kishore Chugh
Defrees & Fiske LLC                             various adversary defendants
dcgiese@defrees.com

David L. Kane, Esq.
Meltzer Purtill & Stelle
dkane@mpslaw.com

Andre Ordeanu, Esq.
Zane, Smith & Associates, Ltd.
andre@zanesmith.com

William J. Barrett, Esq.                          Parkway Bancorp. Inc.
Barack Ferrazzano Kirschbaum Nagelberg
william.barrett@bfkn.com

William S. Hackney, III, Esq.                     Planned Plumbing, Inc.
SmithAmundsen, LLC                                Behlul Zakiuddin
whackney@salawus.com

Scott N. Schreiber, Esq.                          Planned Plumbing, Inc.
Stahl Cowen Crowley
sschreiber@stahlcowen.com

Edward C. Richard, Esq.                           Poli Contracting, Inc.
Manetti & Griffith, Ltd.
erichard@manetti-griffith.com

Ariel Weissberg, Esq.                             22nd Century Partners, LLC
Weissberg & Associates, Ltd.
ariel@weissberglaw.com

Daniel A. Zazove, Esq.                            Sheri Banoo Merchant
Perkins Coie LLP                                  DJM Asset Mgmt., LLC
dzazove@perkinscoie.com

Ann E. Pille, Esq.                                M&T Partnership
Reed Smith
apille@reedsmith.com

Jay S. Nelson, Esq.                               Prashant & Rita Shah
jaysconel@earthlink.net

Patrick L. Edgerton, Esq.                         SK Heating & Cooling
Edgerton & Edgerton
Thor-own@elnet.com

Mark A. Stang, Esq.                               Patricia Anselme
Chuhak & Tecson, PC
mstang@chuhak.com

Marc J. Chafen, Esq.                              First Midwest Bank
Kelly Olson Michod Dehaan & Richter
mchalfen@kondr.com

Paul Caghan, Esq.                                    Dinesh Gandhi
Paul Caghan PC
caghan@ameritech.net

**U.S. Mail Service:**

Michael C. Goode, Esq.                               Geeta and Narenda Gupta
11 S. LaSalle Street
Suite 2802
Chicago, IL 60603

Hasan Merchant                                       Debtors
Sheri Banoo-Merchant
1 Falcon Lakes Drive
South Barrington, IL 60010

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CHAPTER 7** |
| | ) | |
| **POLO BUILDERS, INC., et al.,** | ) | **CASE NO, 04 B 23758** |
| **(jointly administered)** | ) | |
| **DEBTORS.** | ) | **JUDGE GOLDGAR** |
| | ) | |
| | ) | |

## FINAL APPLICATION OF SPRINGER, BROWN, COVEY, GAERTNER & DAVIS, LLC FOR APPROVAL OF  COMPENSATION AND EXPENSE REIMBURSEMENT

NOW COMES Springer, Brown, Covey, Gaertner & Davis, LLC ("Springer Brown" or "Applicant") and for and as their Final Application pursuant to Section 330(a)(1) of 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code") for entry of an order approving their final compensation and expense reimbursement, respectfully represents as follows:

1.      On June 23, 2004, Polo Builders, Inc., M&MM Enterprises, LLC, and Hasan and Sheri Banoo Merchant filed for relief under Chapter 11 of the Bankruptcy Code. On June 29, 2004, MG International, LLC followed suit.

2.      This Court previously entered an order consolidating the four Chapter 11 cases for administrative purposes.

3.      On August 16, 2003 all four cases were converted to cases under Chapter 7 of the Bankruptcy Code, and Applicant was appointed as Interim Trustee therein.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue is proper in this district pursuant to 28 U.S.C. §1408 and 1409.

5.      This request for relief is predicated upon Section 330(a)(1) of the Bankruptcy Code.

6.      On November 8, 2004, this Court entered an Order approving employment of Springer Brown as attorneys for the Trustee.

7.      Prior to the date of this Application, Springer Brown provided certain actual and necessary legal

services to the Trustee and to the estate, the general nature of which is hereinafter described, and the details of which are set forth in the itemization attached hereto and made a part hereof.

8.      This Application for compensation covers the period from through October, 2004 to the present, incorporating all prior interim fee applications.

9.      Springer Brown has previously received $181,759.30 in interim fee awards and expense reimbursement.

10.     As of the date hereof, the four related Polo Builders cases have funds on hand as follows:

| | | |
|---|---|---|
| Polo Builders, Inc. | - | $ 167,402.25 |
| M.G. International, Inc. | - | $ 356,374.88 |
| MM&M Enterprises | - | $ 0.00 |
| Hasan & Sheri Banoo Merchant | - | $ 735,553.93 |

11. The general nature of the legal services provided herein by Applicant is as follows:

## RETENTION AND COMPENSATION OF PROFESSIONALS AND SERVICE PROVIDERS:

Applicant filed motions to hire applicable attorneys, accountants, computer experts, and asset appraisers and to approve compensation for them.

**For services in connection with this matter, counsel expended 19.30 hours and seeks compensation therefore in the amount of $6,701.00.**

Applicant further devoted 14 hours to the preparation of this application which complies with the guidelines established by this court in In Re Wildman, 72 B.R. 700 (N.D.Ill, 1987) and In Re Pettibone, 74 B.R. 293 (N.D. Ill., 1987). Applicant requests compensation for the preparation of this petition in accordance with In Re Nucorp Engery, Inc. 764 F.2d 655 (9th Cir.) which this district has adopted and which limits compensation for the preparation of a fee petition to five percent of the total to be requested which this application complies with.

**For services in connection with this matter, counsel expended 14 hours and seeks compensation therefore in the amount of $ 4,900.**

## **LITIGATION: RECOVERY OF PREFERENTIAL TRANSFERS:**

Trustee v. Paul Caghan:

Applicant evaluated a potential cause of action against Caghan for receipt of a pre-petition payment of $10,000 within ninety days of the commencement of the case, filed a complaint to recover that amount, obtained a default judgment, engaged in heavily resisted post-judgment collection efforts, and ultimately collected $11,561.00

**For services in connection with this matter, counsel expended 42.90 hours and seeks compensation therefore in the amount of $9,737.00.**

Trustee v. Kamil Job et al.

On the day prior to the commencement of this case, Debtors sold their office building to Kamil Job. Part of the consideration for that purchase was a $180,000 credit against amounts due Job from Debtors. Trustee contended that the credit constituted a preferential transfer and sued to recover. The case went to trial and nine months later judgment was ultimately entered in favor of Trustee. However, the economy soured while the litigation was pending, and shortly after the entry of the judgment, Job filed a Chapter 13 case. Trustee is now receiving inconsequential payments from that Chapter 13 estate.

**For services in connection with this matter, counsel expended 97.00 hours and seeks compensation therefore in the amount of $27,343.50.**

Trustee v. Planned Plumbing:

This adversary was filed to avoid as preferential a judgment lien recorded against a Wauconda condominium. Avoiding the lien was crucial to the resolution of the disputes with Fidelity National which yielded the estate $90.000. The adversary resulted in a judgment in favor of the Trustee.

**For services in connection with these matters, counsel expended 5.10 hours and seeks compensation therefore in the amount of $1,537.50.**

**ASSET RELATED MATTERS:**

Wauconda Condominium:

Among the assets in this estate was a condominium in Wauconda, purportedly sold prior to the commencement of this case. However, certain title issues rendered that sale suspect. Counsel assisted Trustee in negotiating a resolution of the title issues with the title company, Fidelity National, and agreed to accept $90,000 for the property. Counsel prepared and presented a motion to approve the compromise. Counsel further reviewed, amended, and ultimately approved the settlement documents required to effectuate the transfer of title.

Sale of Out Lots:

Debtor developed a residential project in Barrington, Illinois involving a number of building lots and several out lots. The out lots were supposed to be conveyed to the Homeowner's Association upon sale of ninety percent of the residences. When Trustee negotiated a sale of his right, title and interest in and to the out lots, Counsel assisted in obtaining Court approval of the sale, and further in working with the land trustee to consummate the proposed sale. The estate received $10,000 as a result of these efforts.

South Barrington Performance Bonds:

As a condition to performing various construction projects in South Barrington, Debtors were required to post certain performance bonds with the Village. In order to recover those bonds (aggregating $39,000.00, trustee was forced to obtain a court order directing their turnover.

**For services in connection with these matters, counsel expended 17 hours and seeks compensation therefore in the amount of $5,327.50.**

**FRAUDULENT CONVEYANCE LITIGATION - GENERAL:**

Shortly after his appointment as Trustee, Trustee employed the firm of Freeborn & Peters to represent him in this case. Freeborn & Peters had previously been retained by the creditors committee as

their counsel during the period of time this case was a Chapter 11 case. After extensive discovery, Freeborn & Peters filed a number of fraudulent conveyance adversary proceedings on behalf of the trustee. However, to avoid any appearance of impropriety, all adversary proceedings against former members of the chapter 11 creditors' committee were filed by Springer Brown. All of these adversaries had a number of common factual, procedural and legal issues. As a result, the common elements to the fraudulent conveyance actions have been separated from the case-specific matters.

**RESEARCH AND DISCOVERY:**

Common issues among all the fraudulent conveyance actions included whether or not the Debtors were insolvent at the time of the transfers, the sources and uses of investor funds during the relevant years, the financing practices of the Debtors, and the management of these numerous cases. A substantial amount of discovery into each of the former three matters was required and performed, both by Freeborn & Peters and by Springer Brown. A substantial amount of time was also spent developing procedures for the handling of these cases in Court.

**For services in connection with these matters, counsel expended 89.30 hours and seeks compensation therefore in the amount of $27,482.20.**

**COORDINATION WITH FREEBORN & PETERS**

Applicant was charged at the beginning of the case with litigating a certain number of cases to recover assets of the estate. Those cases were assigned to Applicant because of conflicts by lead counsel, Freeborn and Peters. Applicant participated with Freeborn and Peters in all matters regarding moving the case forward, including reviewing status reports and examining the basis for potential causes of action, sharing discovery and legal research. Applicant further reviewed discovery previously undertaken by Freeborn & Peters, worked with them to coordinate status dates and common issues, and worked with them to ensure consistency in the various complaints.

**For services in connection with these matters, counsel expended 62.80 hours and seeks compensation therefore in the amount of $19,215.00.**

**MANAGEMENT OF ALL CASES AS LEAD COUNSEL**

When Harley Goldstein left Freeborn & Peters, Freeborn and Peters withdrew from the case, and what was then Bell Boyd & Lloyd (subsequently K&L Gates, LLP) succeeded them. Unfortunately, there came a time when Trustee, concerned about the costs of these cases and the declining prospects of success, decided to terminate K&L Gates, LLP. At that point, Applicant assumed primary responsibility for "cleaning up" of all the litigation that had been instituted to recover assets. This included attending all status hearings and preparing applicable documents to apprise the Court of the status on all litigation. It also involved recovering all documents from former lead counsel and reviewing those documents.

**For services in connection with this matter, counsel expended 102.70 hours and seeks compensation therefore in the amount of $30,996.00.**

**INDIVIDUAL FRAUDULENT TRANSFER CASES:**

Trustee v. Bhavna Patel

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 6.00 hours and seeks compensation therefore in the amount of $1,830.00.**

Trustee v. D&B Advertising

Applicant evaluated potential causes of action against D&B Advertising, filed the complaint, conducted discovery, and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 13.70 hours and seeks compensation therefore in the amount of $4,199.50.**

Trustee v. Gandhi

Applicant evaluated potential causes of action against Gandhi, filed the complaint, conducted discovery, and resolved the litigation through settlement. By the time this case neared trial, Gandhi's financial position was so deteriorated settlement seemed the best resolution. Moreover, as most of the other adversaries had been resolved, the costs of the litigation, while reasonable when spread over a

number of actions, were excessive to incur for a single case. Therefore the case, along with the various motions for sanctions and for leave to sue the Trustee brought by Gandhi, was settled for $3,000.

**For services in connection with this matter, counsel expended 68.20 hours and seeks compensation therefore in the amount of $21,212.50.**

Trustee v. Goyal

Applicant took over this case from K&L Gates, LLP. Unfortunately, during the pendency of the case Mr. Goyal died, and the case was ultimately dismissed.

**For services in connection with this matter, counsel expended 16.80 hours and seeks compensation therefore in the amount of $5,107.00.**

Trustee v. Holowicki

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 6.50 hours and seeks compensation therefore in the amount of $2,015.00.**

Trustee v. Inam Khan

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 14.80 hours and seeks compensation therefore in the amount of $4,620.00.**

Trustee v. Kishore Chugh

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement. The case was ultimately settled for $5,000.

**For services in connection with this matter, counsel expended 13.80 hours and seeks compensation therefore in the amount of $3,819.00.**

Trustee v. Madan Kulkarni

Applicant took over this case from K&L Gates, LLP and resolved the litigation through

settlement. The case was ultimately settled for $15,000.00.

**For services in connection with this matter, counsel expended 47.30 hours and seeks compensation therefore in the amount of $14,618.00.**

Trustee v. Berinder Marwah

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 5.30 hours and seeks compensation therefore in the amount of $1,339.00.**

Trustee v. Manu Patel

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 4.10 hours and seeks compensation therefore in the amount of $1,025.00.**

Trustee v. Khuzem Merchant

Applicant evaluated potential causes of action against Khuzem Merchant, and resolved the litigation through settlement. The case was ultimately settled for $2,000.00.

**For services in connection with this matter, counsel expended 37.50 hours and seeks compensation therefore in the amount of $9,503.50.**

Trustee v. Mafat Patel

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 24.50 hours and seeks compensation therefore in the amount of $6,565.00.**

Trustee v. Nimi Kapur

Applicant took over this case from KL Gates and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 4.80 hours and seeks**

**compensation therefore in the amount of $1,326.50.**

Trustee v. Natwarhal Patel

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement. The case was ultimately settled for $10,000.00

**For services in connection with this matter, counsel expended 22.90 hours and seeks compensation therefore in the amount of $6,898.00.**

Trustee v. Vinod Parikh

Applicant evaluated potential causes of action against Vinod Parikh, filed the complaint, conducted discovery, and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 34.50 hours and seeks compensation therefore in the amount of $10,731.50.**

Trustee v. Sahajpal

Applicant evaluated potential causes of action against Sahajpal, filed the complaint, conducted discovery, and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 3.9 hours and seeks compensation therefore in the amount of $1,139.50.**

Trustee v. Haresh Shah

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement. The case was ultimately settled for $25,000.00.

**For services in connection with this matter, counsel expended 44.20 hours and seeks compensation therefore in the amount of $12,458.00.**

Trustee v. Hitendra Shah

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement. The case was ultimately settled for $5,000.00.

**For services in connection with this matter, counsel expended 6.00 hours and seeks compensation therefore in the amount of $1,736.50.**

Trustee v. Sunil Kulkarni**I**

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 1.70 hours and seeks compensation therefore in the amount of $425.00.**

Trustee v. Jay and Smita Shah

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement. The case was ultimately settled for $50,000.00.

**For services in connection with this matter, counsel expended 26.20 hours and seeks compensation therefore in the amount of $7,069.00.**

Trustee v. Thakhor Patel

Applicant evaluated potential causes of action against Thakhor Patel, filed the complaint, conducted discovery, and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 55.50 hours and seeks compensation therefore in the amount of $16,820.50.**

Trustee v. Villafria

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 3.00 hours and seeks compensation therefore in the amount of $797.50.**

Trustee v. Vinita Parsram

Applicant took over this case from K&L Gates, LLP and resolved the litigation through settlement.

**For services in connection with this matter, counsel expended 5.90 hours and seeks compensation therefore in the amount of $1,920.00.**

Trustee v. Zarif

Applicant evaluated potential causes of action against Zarif, filed the complaint, conducted discovery, and resolved the litigation through settlement. The case was ultimately settled for $100,000.00.

**For services in connection with this matter, counsel expended 88.40 hours and seeks compensation therefore in the amount of $22,246.00.**

Gandhi v. Trustee

In what was essentially a collateral attack on Trustee's suit against Gandhi, Gandhi filed a motion with the Bankruptcy Court seeking leave under the *Barton* doctrine to sue the trustee and his counsel for defamation, RICO violations, violations of his civil rights, and malicious prosecution. These issues were fully briefed, and ultimately Gandhi's Motion was denied by the Court. Thereafter an appeal of the Court's ruling was filed, and remained pending until all matters between the Estate and Gandhi were resolved.

**For services in connection with this matter, counsel expended 52.4 hours and seeks compensation therefore in the amount of $16,747.50.**

## CASE ADMINISTRATION:

Legal Research on Substantive Consolidation:

Applicant was requested by the Trustee to conduct research on substantive consolidation of the various estates in involved in this jointly administered estate to determine standards for consolidation.

**For services in connection with this matter, counsel expended 5.00 hours and seeks compensation therefore in the amount of $1,352.00.**

## OBJECTION TO DISCHARGE:

The complexities of these cases alone made it impossible for Trustee within the sixty-day period allotted by statute to determine whether or not grounds existed for an objection to discharge. This necessitated obtaining extensions of that period. Eventually Trustee entered into a settlement agreement with Debtors which provided for payment of $4,000,000 over time as a condition of their receiving a discharge. When Hasan Merchant defaulted on his obligations under that settlement, Trustee then had to file first a motion to deny that discharge, and then an adversary proceeding to collect the balance of the settlement. After staunch opposition, Trustee and Merchant settled the matter for the payment of

$600,000 to the estate in satisfaction of Merchant's obligations under the initial settlement agreement. Those payments are still be collected.

**For services in connection with this matter, counsel expended 8.70 hours and seeks compensation therefore in the amount of $2,837.00.**

**CLAIMS ANALYSIS AND OBJECTIONS:**

Applicant reviewed the claims filed in the case, discussed the claims with the Trustee, filed objections to claims where applicable, attended the hearings regarding the claims and entered orders resolving the claims. The processes of claim review and objection has only begun, with substantial services yet to be rendered upon determination by this Court of the extent of allowed administrative costs against the estates.

**For services in connection with this matter, counsel expended 16.30 hours and seeks compensation therefore in the amount of $4,365.50.**

12.      David R. Brown, whose billing rate throughout this period for legal services was $350 per hour; Michael J. Davis, whose billing rate throughout this period for legal services was $350 per hour; Joshua Greene whose billing rate was $285 per hour and Christopher Hales, whose billing rate throughout this period for legal services was $185 per hour, performed all of the services rendered by Springer Brown, Time records for such services are maintained on a contemporaneous basis, and are subsequently reviewed to eliminate apparently unproductive or insufficiently documented time charges. Time is recorded on a tenth-of-an-hour basis. Therefore, the charges for which compensation is sought represent actually spent, "hard-core" time devoted to this case.

13.      The compensation rates charged by Applicant are comparable to those charged by other practitioners of similar standing, skill and experience in cases of equal complexity. David R. Brown is a 1978 graduate of the University of Chicago Law School, a former associate at Mayer, Brown & Platt, an attorney and former acting Assistant United States Trustee in the Office of the United States Trustee for the Northern District of Illinois, and a twenty five -year panel trustee. Michael J. Davis is a graduate of

Vanderbilt University Law School and has been practicing in this area of law for twenty five years.

14.     The services rendered by Springer Brown are broken down by attorney as follows:

| Attorney | Time | Rate | Amount |
|---|---|---|---|
| Christopher Hales | 97.60 | 185 | 18,877.50 |
| Joshua D. Greene | 425.40 | 285 | 113,339.00 |
| Nicole Fishkin | 2.90 | 285 | 826.50 |
| Thomas Springer | 1.00 | 350 | 350.00 |
| David R. Brown | 43.40 | 350 | 15,350.00 |
| Michael J. Davis | 517.70 | 350 | 171,220.70 |

14.     The services rendered by Springer Brown were necessary services that have benefited this estate by providing funds to distribute to creditors and enabling the Trustee to perform his statutory duties.

15.     Based upon the nature, extent and value of the services performed by Springer Brown and the cost of comparable services other than in a case under this Title, the reasonable compensation for such services is $319,963.70, the reasonable expense reimbursement is $14,005.82. and Springer Brown should be awarded compensation and reimbursement in those amounts for the legal services rendered by them in this case.

16.     At all times while employed as attorney for the Trustee, Springer Brown and its members were disinterested persons, neither representing nor holding an interest adverse to the interest of this estate with respect to the matters on which Applicant was employed.

WHEREFORE, Applicant prays that after notice and a hearing, they be awarded reasonable compensation and reimbursement of actual and necessary expenses for legal services rendered in this case.

Respectfully submitted:

SPRINGER, BROWN, COVEY,
GAERTNER & DAVIS, LLC

/s/ Michael J. Davis

By: _____

Michael J. Davis, Atty No. 6197892
David R. Brown, Atty. No. 3122323
Springer, Brown, Covey, Gaertner & Davis, L.L.C.
400 South County Farm Road
Suite 330
Wheaton, IL 60187
Phone (630) 510-0000
Fax (630) 510-0004