**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing: October 10, 2012, at 10:00 a.m. |

**NOTICE OF FIRST AMENDED AND FINAL FEE APPLICATION OF FREEBORN &
PETERS LLP AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE
WITH RESPECT TO SETTLEMENT AGREEMENT ENFORCEMENT**

To:    Service List

PLEASE TAKE NOTICE that on June 14, 2012, Freeborn & Peters LLP ("*F&P*") filed its *First Amended and Final Fee Application of Freeborn & Peters LLP as Counsel to the Chapter 7 Trustee With Respect to Settlement Agreement Enforcement* (the "*Final Application*") with the United States Bankruptcy Court for the Northern District of Illinois. By the Final Application, F&P seeks the entry of an order: (a) allowing, on a final basis, $247,753.00 in compensation for legal services rendered by F&P to David R. Brown, not individually, but solely as the chapter 7 trustee (the "*Trustee*") of the above-captioned debtors, and reimbursement of $22,482.92 for expenses incurred, from April 1, 2009 through June 12, 2012; and (b) authorizing and directing the Trustee to pay F&P compensation and reimbursement of expenses in the aggregate amount of $270,235.92.

PLEASE TAKE FURTHER NOTICE THAT a hearing on the Final Application will take place before the Honorable A. Benjamin Goldgar of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in his place and stead, at 219 South Dearborn Street, Courtroom 613, Chicago, Illinois on October 10, 2012 at 10:00 a.m.

Objections, if any, to the relief requested in the Final Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, on or before August 17, 2012. A copy of the Final Application may be obtained on the Court's PACER site at https://ecf.ilnb.uscourts.gov/ (account required) or upon request to special counsel to the Trustee, Freeborn & Peters LLP, 311 South Wacker Dr., Suite 3000, Chicago, Illinois 60606 (Attn: Neal H. Levin, 312-360-6000).

At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Final Application: Freeborn & Peters LLP, 311 South Wacker Dr., Suite 3000, Chicago, Illinois 60606 (Attn: Neal H. Levin).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 14, 2012                  **FREEBORN & PETERS LLP**

                                           By:        /s/ Neal H. Levin

                                           Neal H. Levin (No. 6203156)
                                           FREEBORN & PETERS LLP
                                           311 South Wacker Drive, Suite 3000
                                           Chicago, Illinois 60606
                                           Telephone: 312.360.6000
                                           Facsimile: 312.360.6520

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing: October 10, 2012, at 10:00 a.m. |

**CERTIFICATE OF SERVICE**

    I, Neal H. Levin, an attorney, do hereby certify that on June 14, 2012, I caused the attached *Notice of Application* (the "*Fee Application Notice*") and *First Amended and Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee With Respect to Settlement Agreement Enforcement* to be served electronically on all parties registered to receive notices via the Court's CM/ECF system. I further caused the Fee Application Notice to be served on all creditors of the above-referenced debtors, as set forth on the creditor matrix filed in the above-captioned cases.

                                                                        /s/ Neal H. Levin

**SERVICE LIST**

CM/ECF System Electronic Mail Notice List
The following is the list of parties who are currently on the list to receive e-mail notices for this case.

William J. Barrett    william.barrett@bfkn.com
David R Brown    dbrown@springerbrown.com, dbrown@ecf.epiqsystems.com
Marc J. Chalfen    mchalfen@komdr.com
Michael J Davis    mdavis@springerbrown.com
Joseph B DiRago    jdirago@bellboyd.com
Patrick L. Edgerton    thor-own@elnet.com
Thomas R. Fawkes    tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com
Richard M Fogel    rfogel@shawgussis.com
Richard C Friedman    USTPRegion11.es.ecf@usdoj.gov, richard.c.friedman@usdoj.gov
Douglas C. Giese    dcgiese@defrees.com
Joshua D Greene    jgreene@springerbrown.com, sellis@springerbrown.com
William S Hackney    whackney@salawus.com, jadams@salawus.com
David L Kane    dkane@mpslaw.com
Sonia Kinra    skinra@skcounsel.com, ekraus@skcounsel.com
Eugene S. Kraus    ekraus@skcounsel.com

Caren A Lederer    calederer@golanchristie.com
David M Madden    dmadden@momlaw.com
James M McArdle    jmcardle@skcounsel.com
Matthew E. McClintock    matthew.mcclintock@klgates.com, teresa.gomez@klgates.com
James E. Morgan    james.morgan@klgates.com, teresa.gomez@klgates.com
William T Neary    USTPRegion11.ES.ECF@usdoj.gov
Jay S. Nelson    jaysconel@earthlink.net
Sven T Nylen    sven.nylen@klgates.com, teresa.gomez@klgates.com
Andre Ordeanu    andre@zanesmith.com, Patty@Zanesmith.com
John M. Riccione    jriccione@agdglaw.com
Edward C. Richard    erichard@manetti-griffith.com
Scott N. Schreiber    sschreiber@stahlcowen.com
Mark A Stang    mstang@chuhak.com
Steven B Towbin    stowbin@shawgussis.com
Matthew C Wasserman    mwasserman@defrees.com
Ariel Weissberg    ariel@weissberglaw.com, Hava@weissberglaw.com
Daniel A Zazove    dzazove@perkinscoie.com, dzazove@perkinscoie.com

U.S. Mail

All creditors of the above-referenced debtors, as set forth on the Creditor Matrix filed in the above-captioned cases.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing: October 10, 2012, at 10:00 a.m. |

**FIRST AMENDED AND FINAL FEE APPLICATION OF FREEBORN & PETERS LLP AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE WITH RESPECT TO <u>SETTLEMENT AGREEMENT ENFORCEMENT</u>**

Freeborn & Peters LLP ("*F&P*"), special counsel to David R. Brown, the chapter 7 trustee (the "*Trustee*") appointed in the above-captioned, jointly administered bankruptcy cases, hereby submits its *First Amended and Final Application of Freeborn & Peters LLP as Special Counsel to Chapter 7 Trustee with Respect to Settlement Agreement Enforcement* (the "*Final Application*"), for services rendered and expenses incurred from April 1, 2009 through June 12, 2012, and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1

of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

3.  On June 23, 2004, four of the five of the above-captioned, jointly administered debtors (collectively, the "*Debtors*"), Polo Builders, Inc., M&MM Enterprises, LLC, Hasan Merchant, and Sheri Banoo Merchant, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").  On June 29, 2004, the fifth of the Debtors, M.G. International, LLC, filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' bankruptcy cases are being jointly administered for procedural purposes.

4.  On August 16, 2004, this Court entered an order converting these bankruptcy cases to proceedings under chapter 7 of the Bankruptcy Code.  That same day, the Office of the United States Trustee appointed the Trustee.

5.  On April 29, 2009, the Trustee filed a motion (the "*Special Employment Motion*") seeking to employ F&P as special counsel to the Trustee with the limited purpose of enforcing that certain Settlement Agreement (defined below) between the Trustee and Hasan Merchant.

6.  On May 20, 2009, this Court entered an order approving the Special Employment Motion and granting the Trustee's request to employ F&P effective as of April 1, 2009 (the "*Special Employment Order*").

7.  According to the Special Employment Order, F&P shall be compensated for its services and reimbursed for its actual, necessary, and reasonable expenses or other disbursements incurred in connection with such services in accordance with the Bankruptcy Code, Bankruptcy Rules and Local Rules.

8. Pursuant to the Special Employment Order and 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016, F&P hereby submits this Final Application for compensation for services rendered and reimbursement of expenses incurred during the period from April 1, 2009 through June 12, 2012 (the "*Application Period*").

## PREVIOUS FEE APPLICATIONS

9. Previously, F&P served as counsel to the Trustee, which representation was terminated in September 2007, and for which representation a series of fee applications, including a final fee application, were filed and approved by this Court. This Final Application relates only to services rendered by F&P pursuant to the Special Employment Order.

10. On December 30, 2011, F&P filed its First Interim Application of Freeborn & Peters LLP as Special Counsel to Chapter 7 Trustee with Respect to Settlement Agreement Enforcement (the "*First Fee Application*"), for or services rendered and expenses incurred from April 1, 2009 through November 30, 2011.

11. On January 13, 2012 the First Fee Application was denied without prejudice as the Court did not wish to entertain fee applications at that time.

## RELIEF REQUESTED

12. By this Final Fee Application, F&P seeks an order (1) allowing on a final basis, $247,753.00 in compensation and $22,482.92 in reimbursable expenses for the period of April 1, 2009 through June 12, 2012 as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code; and (2) authorizing payment to F&P of $270,235.92, representing all unpaid, non-deferred amounts owing to F&P on account of the Final Fee Application.

3

13. A detailed listing of services rendered (broken down by project category) by F&P during the Application Period is attached hereto and incorporated herein as *Exhibit A*.

14. A detailed itemization of all expenses incurred during the Application Period is attached hereto and incorporated herein as *Exhibit B*

15. As of the date of this Final Application, F&P has received no compensation on account of services rendered and expenses incurred with respect to the representation of the Trustee during the Application Period.

16. By this Final Application, F&P seeks an order: (1) allowing F&P, on a final basis, $247,753.00 in compensation and $22,482.92 in reimbursable expenses for the Fee Application Period as a chapter 7 administrative expense of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code; and (2) authorizing payment to F&P of $270,235.92, representing amounts owing to F&P on account of the Final Application and authorized by this Special Employment Order and the Bankruptcy Code.

## DISCUSSION

17. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

18. The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

19. In reviewing the Final Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

20. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal

5

services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

21.  The Court should also consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

22.  F&P's hourly rates of compensation for those attorneys and para-professionals during the Application Period range from $40 to $730 (however, no professional with an hourly rate in excess of $575 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. F&P consistently and consciously made every reasonable effort to represent the Trustee in the most economical, efficient, and practical manner possible.

23.  A summary of the compensation requested herein regarding each of F&P's professionals and para-professionals is set forth below:

6

| Timekeeper | Title | Illinois Bar Admission | Hourly Rate | Total Hours | Compensation Requested |
|---|---|---|---|---|---|
| Bartlett, Alan | Paralegal | N/A | $230-240 | 212.1 | $49,805.50 |
| Cain-Lyle, Maurita V. | Paralegal | N/A | $210 | 20.6 | $4,326.00 |
| Eggert, Devon J. | Associate | 2006 | $295-$310 | 239.8 | $73,157.50 |
| Fawkes, Thomas R. | Partner | 2002 | $495 | 23.1 | $11,442.00 |
| Hartmann, Steven M. | Partner | 1983 | $565 | 22.7 | $12,825.50 |
| Holland, Tracey L. | Paralegal | N/A | $210-$215 | 22.8 | $4,858.00 |
| Jackiw, Brian J. | Associate | 2008 | $290 | 5.5 | $1,595.00 |
| Levin, Neal H. | Partner | 1989 | $550-$575 | 135.7 | $76,644.00 |
| Morris, Wendy E. | Associate | 2003 | $330 | 1.1 | $363.00 |
| O'Brien, Michael T. | Paralegal | N/A | $235 | 0.6 | $141.00 |
| Office Services | Staff | N/A | $40 | 6.7 | $268.00 |
| Pope, Maryjo | Paralegal | N/A | $270 | 0.4 | $108.00 |
| Schiller, Alex K. | Paralegal | N/A | $215 | 0.3 | $64.50 |
| Schlott, Kimberly L. | Paralegal | N/A | $245 | 0.5 | $122.50 |
| Sheldon, Kathryn C. | Paralegal | N/A | $210-$250 | 39.6 | $8,627.50 |
| Stadel, Eric H. | Paralegal | N/A | $210 | 1.1 | $231.00 |
| Swano, Amy L. | Paralegal | N/A | $230 | 13.8 | $3,174.00 |
| | | | **TOTAL:** | **746.4** | **$247,753.00** |
| | | | **BLENDED RATE:** | | **$331.93** |

24.  No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with these chapter 7 cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

25.  F&P reserves the right to correct, amend, or supplement this Final Application, including, without limitation, to seek payment in the event this Final Application is not approved in full.

### SERVICES PERFORMED

26.  On May 11, 2005, the Trustee filed a *Motion to Approve Settlement Agreement Between Chapter 7 Trustee, Sheri Banoo Merchant and Hasan Merchant* (the "*Settlement Motion*"). The subject settlement agreement (the "*Settlement Agreement*") provided for, *inter*

7

*alia*, the Merchants to pay $4,000,000 to the bankruptcy estates, subject to a payment schedule set forth therein, in exchange for the Trustee's agreement to waive his right to object to Hasan Merchant's discharge. Additionally, the Settlement Agreement provided that a failure to make payments in accordance therewith would result in Hasan Merchant waiving his right to receive a discharge. The Settlement Motion was approved by this Court on June 1, 2005.

27. Subsequently, Hasan Merchant failed to make required installment payments under the Settlement Agreement, resulting in a default thereunder in amounts exceeding $1 million (the "*Default*").

28. F&P was retained by the Trustee for the purpose of enforcing the Settlement Agreement and conducting investigations into targeted transactions involving Hasan Merchant, Sheri Banoo Merchant and entities they control.

29. In its efforts to enforce the Settlement Agreement and obtain relief based upon the Default, F&P prepared and filed an adversary complaint against Hasan Merchant, filed in the Court under Adv. No. 09-00630 (the "*Complaint*"), alleging, among other things, breaches of the Settlement Agreement and seeking a declaration that Hasan Merchant waived his right to a discharge under section 727 of the Bankruptcy Code. F&P's efforts ultimately resulted in a settlement with Hasan Merchant, pursuant to which he agreed to pay $600,000 to the estates on an installment schedule. Additionally, the settlement provides for a guarantee of the settlement payments by Sheri Banoo Merchant, and for entry of a judgment in the amount of $2.5 million against Hasan Merchant in the event that he defaults thereunder. The Court approved this settlement on October 19, 2011.

30. At the Trustee's request, F&P has also investigated the circumstances surrounding certain post-petition transfers of real estate and other assets that constituted property of the Debtors' estates. By way of example, F&P investigated the transfer of Hasan and Sheri Banoo

8

Merchant's primary residence to a third party, Anicia Villafria ("*Villafria*"), in 2005 for $300,000. It was subsequently discovered that Villafria quitclaimed her interest in the Residence to Sheri Banoo Merchant, and that Sheri Banoo Merchant actually gave Villafria the cash originally used to purchase the Residence. F&P investigated, *inter alia*, the source of the $300,000 Sheri Banoo Merchant paid to Villafria, as well as other real estate transfers involving the Debtors and Villafria, among other parties.

## REASONABLE EXPENSES INCURRED

31.    Detailed itemizations of all expenses incurred are incorporated in the detailed itemization of expenses attached hereto. Expenses during the Fee Application Period were incurred in the following general categories:

    a.    <u>Delivery/Postage Charges</u>:    F&P incurred air delivery and messenger charges in the amount of $302.81, as well as postage expenses in the amount of $1,481.52. This was necessary to deliver documents to the Trustee and other parties in a timely manner, and in order to comply with notice requirements under the Bankruptcy Rules and Local Rules for pleadings and other filings in these cases.

    b.    <u>Filing Fees</u>:    F&P incurred a fee in the amount of $250.00, for the filing of the Complaint with the Bankruptcy Court.

    c.    <u>Transportation</u>:    F&P incurred $26.10 for out of office travel costs. These costs were necessary in order to obtain documents and other information necessary to prosecute the Complaint and undertake the investigation described above.

    d.    <u>Subpoena and Witness Fees</u>:    F&P incurred $238.50 in subpoena and witness fees. These expenses were necessary in order to conduct depositions of key witnesses in the Hasan Merchant adversary proceeding.

e. <u>Photocopying</u>: F&P incurred copying and printing charges in the amount of $11,695.00. F&P charges clients $0.10 per page and maintains a record of in-house copies made through a computerized system. This procedure requires an operator to key in a client's code number on a keypad attached to the copier. For large projects, F&P uses outside copy services for purposes of efficiency and charges amounts actually incurred. In this case, no copies were made using outside services. These expenses were reasonable and necessary in order to conduct discovery related to the Complaint and F&P's investigation, and in order to provide notice of pleadings to relevant parties.

f. <u>Computer Research Expenses</u>: F&P incurred computer research expenses in the amount of $2,536.97, which allowed F&P to: (1) conduct its internal investigation into certain real property transfers involving Hasan Merchant, Sheri Banoo Merchant and affiliated entities; and (2) allowed F&P to reduce the time expended in researching complex areas of law. The information obtained from such computer assisted research was instrumental in prosecuting the Complaint and in conducting its investigation. The Seventh Circuit has stated that even the most experienced attorney must conduct (or have conducted for her) research to evaluate changes in the law, address new issues, and refresh her recollection. Failure to do so would be to court sanctions or a malpractice suit. *Continental Illinois Securities Litigation*, 962 F.2d at 570.

g. <u>Court Reporter Fees</u>: F&P incurred expenses in the amount of $2,419.40 for court reporter fees, which included compensating court reporters for attending depositions conducted by F&P, and obtaining transcripts of those depositions. These expenses were necessary in order to prosecute the Complaint and to prepare for trial.

   h. <u>Other Outside Services</u>:  F&P incurred expenses in the amount of $3,343.25 for outside services necessary to prosecute the Complaint and conduct its investigation.  Among other things, these expenses were for:  (1) retention of outside investigators to examine the post-petition activities of Hasan Merchant, Sheri Banoo Merchant and Villafria; (2) to obtain documents from courts outside of the State of Illinois; and (3) outside document services.

   i. <u>Miscellaneous Expenses</u>:  Finally, F&P incurred miscellaneous expenses, including expenses related to after-hours travel, transportation to and from Court hearings and meetings and meal and conference expenses, in the amount of $189.37.

  32. F&P does not bill its clients or seek compensation in this Final Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services and facsimile transmissions.  Such expenses are factored into F&P's hourly rates.  F&P has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## BENEFIT TO THE ESTATES

33.     During the Application Period, F&P provided considerable benefit to the estates – notably, in securing a settlement with Hasan Merchant that will result in a substantial cash infusion for the benefit of creditors.  F&P believes that the likelihood of full recovery of the settlement amount has been enhanced by the guarantee of Sheri Banoo Merchant.

34.     Commencing November 1, 2011, to date the Trustee has received eight payments totaling, $244,444.48.

35.     Given the benefit provided by F&P during the Application Period, F&P submits that the services performed were in the best interests of the estates and creditors, and the Final Application should be approved in its entirety.

## NOTICE

36.     Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of this Final Application has been provided to: (a) the Trustee; (b) the Office of the United States Trustee; (c) all parties who have filed a request to receive notice pursuant to Bankruptcy Rule 2002; and (d) all creditors of the Debtors listed on the Creditor Matrix filed in these cases.

**WHEREFORE**, F&P respectfully requests that the Court enter an order:

(a) allowing F&P $247,753.00 in compensation on a final basis for the Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) allowing F&P $22,482.92 in reimbursable expenses on a final basis for the Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) authorizing payment to F&P of $270,235.92, representing amounts owing to F&P on account of the Final Application; and

(d) granting such other and further relief as the Court deems just and proper.

Dated: June 14, 2012  **FREEBORN & PETERS LLP**

By:     /s/ Neal H. Levin

Neal H. Levin (No. 6203156)
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312.360.6000
Facsimile: 312.360.6520