## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | **Hearing:  October 10, 2012 at 10:00 a.m.** |
| | | **Objection Deadline: August 17, 2012** |

### NOTICE OF FINAL FEE APPLICATION OF K&L GATES LLP

PLEASE TAKE NOTICE that on October 10, 2012, at 10:00 a.m., the undersigned shall appear before the Honorable Benjamin A. Goldgar, United States Bankruptcy Judge, in the courtroom usually occupied by him, United States Courthouse, 219 South Dearborn Street, courtroom 613, Chicago, Illinois, and then and there present the **Final Fee Application of K&L Gates LLP as Counsel to the Chapter 7 Trustee** (the "*Application*").  The Application requests approval of the prior payment of $182,330.87 to K&L Gates in full satisfaction of $638,833.50 in fees and $9,624.71 in expenses incurred from September 4, 2007 through March 31, 2010.

Objections, if any, to the relief requested in the Final Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, on or before August 17, 2012.  A copy of the Application may be obtained on the Court's PACER site at http://ecf.ilnb.uscourts.gov/ (account required) or upon request to K&L Gates LLP, 70 West Madison, Suite 3100, Chicago, Illinois, 60602 (Attn: Sven Nylen, 312-781-7235, sven.nylen@klgates.com).

Dated:  June 15, 2012

**K&L GATES LLP**

By:   /s/ Sven T. Nylen
　　　John S. Delnero (No. 6195914)
　　　Sven T. Nylen (No. 6278148)
　　　K&L GATES LLP
　　　70 West Madison Street, Suite 3100
　　　Chicago, Illinois  60602
　　　Telephone:  312.372.1121
　　　Facsimile:  312.827.8000

## CERTIFICATE OF SERVICE

I, Sven T. Nylen, an attorney, do hereby certify that on June 15, 2012, I caused true and correct copies of the **Notice of Final Fee Application of K&L Gates LLP** (the "*Notice*") and **Final Fee Application of K&L Gates LLP as Counsel to the Chapter 7 Trustee** to be served upon the parties set forth below via the Court's CM/ECF system. I further caused the Notice to be served on all creditors of the bankruptcy estates, as set forth on the creditor matrix filed in the above-captioned cases.

  /s/  Sven T. Nylen
Sven T. Nylen

## PARTIES RECEIVING ECF NOTICE

Jonathan E Aberman on behalf of Interested Party Inland Real Estate Corporation
jaberman@vedderprice.com, ecfdocket@vedderprice.com

Jayal Amin on behalf of Defendant Birinder Marwah
jamin@chawlagroup.com

Nizam Arain on behalf of Defendant MM Haque Trust
arain@lakeshorelawgroup.com

Amy A Aronson on behalf of Defendant Gautam Patel
amyaronson@comcast.net, amyaronson@comcast.net

William J. Barrett on behalf of Creditor Parkway Bancorp, Inc.
william.barrett@bfkn.com

Edric S Bautista on behalf of Defendant Vandana Chandra
ebautista@sanchezdh.com

Thomas P. Beyer on behalf of Defendant Teledec International
tbeyer@beyerlawoffice.com

David R Brown
dbrown@springerbrown.com, dbrown@ecf.epiqsystems.com;jill@springerbrown.com

David R Brown on behalf of Plaintiff David Brown
drbrownmail@comcast.net, marigonzo@springerbrown.com;jill@springerbrown.com

David R Brown on behalf of Plaintiff David Brown Trustee
dbrown@springerbrown.com, marigonzo@springerbrown.com;jill@springerbrown.com

Edmond M Burke on behalf of Plaintiff River Plaines Assoc., LLC
eburke@chuhak.com, tbarbeauld@chuhak.com

Paul Caghan on behalf of Attorney Paul Caghan
caghan@ameritech.net

Marc J. Chalfen on behalf of Creditor First Midwest Bank
mchalfen@komdr.com

Scott R Clar on behalf of Defendant Abbas Zarif
sclar@craneheyman.com, mjoberhausen@craneheyman.com;asimon@craneheyman.com

Timothy C. Culbertson on behalf of Defendant Goodson Manley and Durfee PLC
tcculb@yahoo.com, tcculb@gmail.com

Lawrence J. Czepiel on behalf of Defendant Laser Construction Inc.
ljcz@msn.com

David R. Brown not individually but solely as chapter 7 trustee of Polo Builders, Inc.,
dbrown@ecf.epiqsystems.com;jill@springerbrown.com

Michael J. Davis on behalf of Attorney Springer, Brown, Covey, Gaertner & Davis LLC
mdavis@springerbrown.com, davislaw80@gmail.com

Vipul A Desai on behalf of Defendant Hitendra Desai
author@proofofpayments.com, davidmsiegel@hotmail.com;vdesai@davidmsiegel.com

Joseph B DiRago on behalf of Attorney Joseph DiRago
jdirago@lockelord.com

Kenneth K Ditkowsky on behalf of Defendant Yogesh Shah
kenditkowsky@yahoo.com

Brian M. Dougherty on behalf of Defendant Midwest Cardiac Center
bmd@gsrnh.com, kam@gsrnh.com

Robert M Dreger on behalf of Creditor Natural Floors Inc
RDreger@dregerlaw.com

Patrick L. Edgerton on behalf of Creditor SK Heating & Cooling
thor-own@elnet.com

Devon J Eggert on behalf of Plaintiff David R. Brown, Trustee
deggert@freebornpeters.com, bkdocketing@freebornpeters.com

Michael M. Eidelman on behalf of Defendant Mutual Bank
meidelman@vedderprice.com, ecfdocket@vedderprice.com

Thomas R. Fawkes on behalf of Attorney Freeborn & Peters
tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com

Cynthia G. Feeley on behalf of Defendant D&B Advertising Inc.
feeleypc@aol.com

Daniel M. Feeney on behalf of Defendant Joe Junkovic
dfeeney@millershakman.com, tlawhead@millershakman.com

Eric P. Ferleger on behalf of Defendant Thakhor Patel
eferleger@ferlegerlaw.com, cfernandez@ferlegerlaw.com

Michael L Flynn on behalf of Creditor Midwest Bank & Trust Company
jenmesick@sbcglobal.net

Richard M Fogel on behalf of Attorney Shaw Gussis
rfogel@shawgussis.com

Nicole Frankel on behalf of Defendant Mutual Bank
nfrankel@vedderprice.com, ecfdocket@vedderprice.com

Richard C Friedman on behalf of Creditor Official Committee Of Unsecured Creditors
rcfwilmette@gmail.com

Sheryl A Fyock on behalf of Defendant NAB Bank
sfyock@llflegal.com

Douglas C. Giese on behalf of Attorney Anita Chugh
dcg@h2law.com, dcgiese@hotmail.com

Harley J. Goldstein
harleyg@restructuringshop.com

Joshua D Greene on behalf of Plaintiff David Brown
jgreene@springerbrown.com, sellis@springerbrown.com

David E Grochocinski on behalf of Defendant Manco Carpentry Group
lawyers@ggl-law.com, lawyers@ggl-law.com

William S Hackney on behalf of Creditor Planned Plumbing Inc
whackney@salawus.com, jadams@salawus.com

Christopher J Hales on behalf of Plaintiff David Brown
chales@bbp-chicago.com

Christopher J Hales on behalf of Plaintiff David Brown
chales@springerbrown.com

Fred R Harbecke on behalf of Defendant AMCORE Bank, N.A., a national banking association
fredrharbecke@sbcglobal.net

Steven M Hartmann on behalf of Plaintiff David R. Brown, Trustee
shartmann@freebornpeters.com, bkdocketing@freebornpeters.com;awiley@freebornpeters.com

David H Hixson on behalf of Defendant Bhupinder Bedi
dhixson@jenner.com, mmatlock@jenner.com

David L Kane
dkane@mpslaw.com, dnichols@mpslaw.com;mpslawllc@gmail.com

Sonia Kinra on behalf of Creditor Park way Bank and Trust
skinra@skcounsel.com, ekraus@skcounsel.com

Frank Kladis on behalf of Defendant Mutual Bank
fkladis@rfd-law.com

Eugene S. Kraus on behalf of Creditor 4180 North Marine Drive LLC
ekraus@skcounsel.com

Ean L Kryska on behalf of Creditor Behlul Zakiuddin
ekryska@salawus.com, jadams@salawus.com

Kurt G Larsen on behalf of Defendant Birinder Marwah
kurt4law@yahoo.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Caren A Lederer on behalf of Creditor American Chartered Bank
calederer@golanchristie.com

Mark E Leipold on behalf of Defendant Robert Russo
mleipold@gouldratner.com, stamssot@gouldratner.com;hmartinez@gouldratner.com

Neal H Levin on behalf of Other Prof. Freeborn & Peters LLP
nhlevin@freebornpeters.com, kpaige@freebornpeters.com,;bkdocketing@freebornpeters.com

Julie M Levy on behalf of Defendant Jay Shah
jlevy@defrees.com

Mitchell Lieberman on behalf of Defendant Sunil Kulkarni
mlieberman@noonanandlieberman.com,
igarza@noonanandlieberman.com;sneedham@noonanandlieberman.com;ccocanig@noonanandlieberman.com

Matthew Luzadder on behalf of Defendant Anjuman E-Saifee
mluzadder@kelleydrye.com,
BankruptcyDepartment2@KelleyDrye.com;kkleist@kelleydrye.com

David M Madden
dmadden@momlaw.com

Joseph L Matz on behalf of Defendant Anthony Ivankovitch
jmatz@kr-law.com

James M McArdle on behalf of Creditor 4180 North Marine Drive LLC
jmcardle@skcounsel.com

Matthew E. McClintock
mattm@restructuringshop.com,
laurent@restructuringshop.com;amritk@restructuringshop.com;teresag@restructuringshop.com;
harleyg@restructuringshop.com

Michael D Messersmith on behalf of Plaintiff DJM Asset Management, LLC
mmessersmith@kayescholer.com, keanderson@kayescholer.com;jben@kayescholer.com

James E. Morgan
jmorgan@enterpriselg.com, somh777@yahoo.com

Jay S. Nelson on behalf of Creditor Prashant Shah and Rita Shah
jaysconel@earthlink.net

Lauren Newman on behalf of Defendant Virginia Surety Co. Inc.
lnewman@thompsoncoburn.com,
lnewman@thompsoncoburn.com;frichard@thompsoncoburn.com

Sven T Nylen on behalf of Attorney K&L Gates
sven.nylen@klgates.com

Andre Ordeanu on behalf of Attorney Andre Ordeanu
andre@zanesmith.com,
Patty@Zanesmith.com;Kelly@Zanesmith.com;Zane@Zanesmith.com;Nichole@Zanesmith.com

Lester A Ottenheimer, III on behalf of Defendant Air Tours
lottenheimer@otrlaw.com, nfishkin@otrlaw.com

Mark Page on behalf of Defendant Anjuman E-Saifee
mpage@kelleydrye.com,
KDWBankruptcyDepartment@kelleydrye.com;BankruptcyDepartment@Kelleydrye.com

Kavita M Patel on behalf of Defendant Indo-American Center
kpatel@schiffhardin.com

Roger J. Perlstadt on behalf of Defendant Joe Junkovic
rperlstadt@millershakman.com, tlawhead@millershakman.com

J. Matthew Pfeiffer on behalf of Defendant Nina Jotwani
mpfeiffer@frltd.com

Ann E Pille on behalf of Creditor Air Tours, Inc.
ann.pille@dlapiper.com, apille@reedsmith.com

John M. Riccione on behalf of Creditor Midwest Bank & Trust Company
jriccione@agdglaw.com

Edward C. Richard on behalf of Creditor Poli Contracting Inc
erichard@manetti-griffith.com

Gerard D. Ring on behalf of Defendant Rosenthal Brothers Inc.
gring@burkelaw.com

Mark J Rose on behalf of Defendant Surinder Sahajpal
mjroseesq@aol.com

Harold Rosen on behalf of Defendant Abbas Zarif
hrosen@wolinlaw.com, lmategrano@wolinlaw.com

Brian J Russell on behalf of Creditor Albrecht Enterprises Inc
BrianR@daileylawyers.com

Scott N. Schreiber on behalf of Creditor Planned Plumbing Inc
sschreiber@stahlcowen.com

Julian Solotorovsky on behalf of Defendant Anjuman E-Saifee
jsolotorovsky@kelleydrye.com

Mark A Stang on behalf of Creditor Patricia Anselme
mstang@chuhak.com

Catherine L Steege on behalf of Defendant Bhupinder Bedi
csteege@jenner.com, docketing@jenner.com;mmatlock@jenner.com

Roberto T. Tirona on behalf of Defendant Nirmala Kumar
bob@tironalaw.com

L. Judson Todhunter on behalf of Defendant Agrani Inc.
JTodhunter@howardandhoward.com

Steven B Towbin on behalf of Creditor Hasan Merchant
stowbin@shawgussis.com

Matthew C Wasserman on behalf of Consultant Steven Holowicki
mwasserman@defrees.com

Ariel Weissberg on behalf of Creditor 22nd Century Partners LLC
ariel@weissberglaw.com,
Hava@weissberglaw.com;mike@weissberglaw.com;victor@weissberglaw.com;john@weissberg
law.com

Daniel A Zazove on behalf of Creditor DJM Asset Management, LLC
docketchi@perkinscoie.com

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing:  October 10, 2012 at 10:00 a.m. |

### FINAL FEE APPLICATION OF K&L GATES LLP
### AS COUNSEL TO THE CHAPTER 7 TRUSTEE

K&L Gates LLP ("*K&L Gates*"), former counsel to David R. Brown, the chapter 7 trustee (the "*Trustee*") appointed in the above-captioned bankruptcy cases, hereby submits its *Final Fee Application of K&L Gates LLP as Counsel to the Chapter 7 Trustee* (the "*Application*"), relating to services rendered and expenses incurred from September 4, 2007 through March 31, 2010 (the "*Application Period*"), and in support thereof, states as follows:

### VOLUNTARY REDUCTION

K&L Gates limits its request for payment to those amounts previously paid under the interim compensation procedures, and such amounts previously received shall be in satisfaction of K&L Gates' administrative expense claim for services rendered and expenses incurred during the Application Period.  K&L Gates has previously received $182,330.87 (the "*Prior Payment*") from the Trustee pursuant to the interim compensation procedures.  The Prior Payment shall fully satisfy any administrative expense claim allowed as a result of the adjudication of this Application.  Thus, K&L Gates is voluntarily reducing the amount of fees and expenses it could otherwise seek by 72%.

This reduction is conditioned upon K&L Gates retaining the Prior Payment.  Therefore, K&L Gates is prepared to seek allowance of all amounts set forth in this Application, but not any

further payment, to the extent that any party in interest objects to the Application to a degree that would result in disgorgement of any portion of the Prior Payment.  Similarly, if the bankruptcy estates are administratively insolvent, K&L Gates will seek allowance, but not payment, of the full amounts set forth in the Application such that the Prior Payment is less than or equal to the *pro rata* distribution to which K&L Gates would be entitled on account of its allowed administrative expense claim.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the Bankruptcy Code, and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## BACKGROUND AND COMPENSATION PREVIOUSLY SOUGHT

On June 23, 2004, four of the five of the above-captioned, jointly-administered debtors (collectively, the "*Debtors*"), Polo Builders, Inc., M&MM Enterprises, LLC, Hasan Merchant, and Sheri Banoo Merchant, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").  On June 29, 2004, the fifth of the Debtors, M.G. International, LLC, filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' bankruptcy cases are being jointly-administered for procedural purposes.

On August 16, 2004, this Court entered an order converting these bankruptcy cases to proceedings under chapter 7 of the Bankruptcy Code.  That same day, the Office of the United States Trustee appointed the Trustee.

On November 10, 2004, this Court entered its *Order Granting Motion of Chapter 7 Trustee for Entry of an Administrative Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 220) (the "*Interim Compensation Procedures Order*").

On September 26, 2007, this Court entered an order (Docket No. 814) (the "*Substitution Order*") granting the authorizing the Trustee to substitute and retain Bell Boyd & Lloyd LLP as his counsel in these chapter 7 cases, effective as of September 4, 2007.  Effective March 1, 2009, Bell Boyd merged with K&L Gates.  *See Notice of Change of Firm Name* (Docket No. 997).

In accordance with the Interim Compensation Procedures Order, K&L Gates filed eighteen monthly statements for interim compensation for the months of September 2007 through February 2009, which are Docket Nos. 817, 826, 834, 846, 870, 879, 883, 886, 910, 912, 918, 926, 943, 945, 990, 993, 1004, and 1021 (collectively, the "*Monthly Statements*").  Pursuant to the Interim Compensation Procedures Order and the Monthly Statements, K&L received payments of $37,291.44 on December 17, 2007, and $145,039.43 on June 4, 2008 (*i.e.*, a total of $182,330.87 in interim compensation which constitutes the Prior Payment).

On May 7, 2009, K&L Gates filed its *First Holdback Fee Application of K&L Gates LLP as Counsel to the Chapter 7 Trustee and Request to Limit Notice and for Pro-Rata Payment* (Docket No. 1024) (the "*Prior Interim Application*"), requesting the allowance of $595,995.50 as actual, reasonable, and necessary compensation, and $8,804.37 as actual, reasonable, and necessary expenses for the period of September 4, 2007 through February 28, 2009.  On June 17, 2009, the Court entered an order denying the Prior Interim Application without prejudice for the reasons stated on the record (Docket No. 1072).

3

<u>**SERVICES PERFORMED**</u>

The Bankruptcy Code provides that the Court may award "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses" of professionals retained by the trustee.  11 U.S.C. § 330(a)(1).  Monthly statements detailing the services rendered and actual and necessary expenses incurred by K&L Gates during the Application Period are attached hereto and incorporated herein as follows:

- <u>Exhibit A</u>:  *September 2007 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit B</u>:  *October 2007 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit C</u>:  *November 2007 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit D</u>:  *December 2007 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit E</u>:  *January 2008 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit F</u>:  *February 2008 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit G</u>:  *March 2008 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit H</u>:  *April 2008 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit I</u>:  *May 2008 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit J</u>:  *June 2008 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit K</u>:  *July 2008 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit L</u>:  *August 2008 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit M</u>:  *September 2008 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit N</u>:  *October 2008 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit O</u>:  *November 2008 Statement of Services Rendered and Expenses Incurred (Invoice No. 1);*

- <u>Exhibit P</u>:  *November 2008 Statement of Services Rendered and Expenses Incurred (Invoice No. 2);*

- <u>Exhibit Q</u>:  *December 2008 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit R</u>:  *January 2009 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit S</u>:  *February 2009 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit T</u>:  *March 2009 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit U</u>:  *April-June 2009 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit V</u>:  *May-July 2009 Statement of Services Rendered and Expenses Incurred;*[1]

- <u>Exhibit W</u>:  *August 2009 Statement of Services Rendered and Expenses Incurred*;

- <u>Exhibit X</u>:  *September 2009 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit Y</u>:  *October 2009 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit Z</u>:  *November 2009 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit AA</u>:  *December 2009 Statement of Services Rendered and Expenses Incurred;* and

- <u>Exhibit BB</u>:  *January-March 2010 Statement of Services Rendered and Expenses Incurred.*

In accordance with Bankruptcy Rule 2016, the Application filed and served by K&L Gates has attached as exhibits: (i) documents containing detailed chronological narratives of the time spent, the dates and descriptions of the services rendered, and the identity of the K&L Gates attorneys and paraprofessionals who provided services on behalf of the Trustee during the Application Period;[2] and (ii) a summary and detailed listing of each disbursement incurred during the Application Period.  No agreement or understanding exists between K&L Gates and any other person for the sharing of compensation received or to be received in connection with these bankruptcy cases, other than as disclosed or authorized pursuant to the Bankruptcy Code,

---

[1]        Certain time entries for May and June of 2009 were entered into the K&L Gates billing system subsequent to the prior invoice being finalized, and thus appear in a later invoice.

[2]        K&L Gates' invoices are not broken down into separate categories (as is typical under more general counsel roles) because its primary responsibility was to resolve certain avoidance actions, as discussed further herein.

Bankruptcy Rules, and Local Rules.  A summary of compensation requested herein regarding

each of the K&L Gates' professionals and paraprofessionals is set forth below:

**Services Rendered in 2007 During the Application Period**

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Harley J. Goldstein | Partner | 1998 | $475.00 | 37.8 | $17,955.00 |
| James E. Morgan | Partner | 1993 | $475.00 | 42.2 | $20,045.0 |
| Sven T. Nylen | Associate | 2002 | $275.00 | 5.8 | $1,595.00 |
| Matthew E. McClintock | Associate | 2003 | $260.00 | 143.7 | $37,362.00 |
| Joseph B. DiRago | Associate | 2004 | $250.00 | 4.5 | $1,125.00 |
| Sarah H. Bryan | Associate | 2007 | $230.00 | 139.8 | $32,154.00 |
| Jeffrey M. Heller | Associate | 2007 | $230.00 | 8.4 | $1,932.00 |
| Hilla U. Jimenez | Associate | 2007 | $230.00 | 61.8 | $14,214.00 |
| Teresa Gomez | Paraprofessional | N/A | $165.00 | 50.7 | $8,365.50 |
| Susan E. Thoma | Paraprofessional | N/A | $165.00 | 80.2 | $13,233.00 |
| Frank J. Loranca | Analyst | N/A | $130.00 | 2 | $260.00 |
| Kimberly Densmore | Analyst | N/A | $95.00 | 0.2 | $19.00 |
| **TOTAL** | | | | **577.1** | **$148,259.50** |
| **Blended Rate for All Timekeepers:** | | | | | **$256.90** |

**Services Rendered in 2008 During the Application Period**

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Harley J. Goldstein | Partner | 1998 | $505.00 | 71.4 | $36,057.00 |
| James E. Morgan | Partner | 1993 | $500.00 | 137.1 | $68,550.00 |
| Sven T. Nylen | Associate | 2002 | $325.00 | 13.6 | $4,420.00 |
| Matthew E. McClintock | Associate | 2003 | $310.00 | 426.9 | $132,339.00 |
| Joseph B. DiRago | Associate | 2004 | $300.00 | 15.9 | $4,770.00 |
| Sarah H. Bryan | Associate | 2007 | $250.00 | 475.2 | $118,800.00 |
| Jeffrey M. Heller | Associate | 2007 | $250.00 | 19.9 | $4,975.00 |
| Teresa Gomez | Paraprofessional | N/A | $180.00 | 101 | $18,180.00 |
| Susan E. Thoma | Paraprofessional | N/A | $180.00 | 307.6 | $55,368.00 |
| Kristin E. Collins | Analyst | N/A | $50.00 | 4.3 | $215.00 |
| **TOTAL** | | | | **1572.9** | **$443,674.00** |
| **Blended Rate for All Timekeepers:** | | | | | **$282.07** |

**Services Rendered in 2009 During the Application Period**

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Harley J. Goldstein | Partner | 1998 | $550.00 | 26.7 | $14,685.00 |
| James E. Morgan | Partner | 1993 | $525.00 | 10.2 | $5,355.00 |
| Matthew E. McClintock | Associate | 2003 | $350.00 | 33.5 | $11,725.00 |
| Sarah H. Bryan | Associate | 2007 | $270.00 | 10.3 | $2,781.00 |
| Jeffrey M. Heller | Associate | 2007 | $270.00 | 14.8 | $3,996.00 |
| Teresa Gomez | Paraprofessional | N/A | $180.00 | 23.0 | $4,140.00 |
| **TOTAL** | | | | **118.5** | **$42,682.00** |
| **Blended Rate for All Timekeepers:** | | | | | **$360.19** |

**Services Rendered in 2010 During the Application Period**

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Sarah H. Bryan | Associate | 2003 | $285.00 | 14.3 | $4,075.50 |
| Jeffrey M. Heller | Associate | 2007 | $285.00 | 0.5 | $142.50 |
| **TOTAL** | | | | **14.8** | **$4,218.00** |
| **Blended Rate for All Timekeepers:** | | | | | **$285.00** |

**Summary of Services Rendered:**[3]

The Trustee engaged K&L Gates to continue to prosecute and/or resolve the approximately seventy avoidance actions (the "*Avoidance Actions*") which were pending as of the date of the Substitution Order. K&L Gates believes that most, if not all, of these actions have now been resolved. Resolving these actions required K&L Gates to engage in significant motion practice, and then, largely due to the condition of the Debtors' records, to engage in extensive discovery efforts, including exchanging written discovery in scores of cases and taking numerous depositions. In connection with the resolution of the Avoidance Actions, at least $3.5 million in

---

[3]     In light of the fact that the attorneys responsible for the representation of the Trustee are not longer at K&L Gates, the following summary is based primarily on the information set forth in the Prior Interim Application.

secured claims has been eliminated, and the pool of priority and general unsecured claims has also been substantially reduced.

In addition to the Avoidance Actions, K&L Gates obtained the waiver of the remaining lien asserted against the Debtors' largest property owned on the Petition Date, Polo Tower (4180 North Marine Drive, Chicago, Illinois 60613) – a substantial second mortgage which the Trustee believed had been fraudulently asserted by 22nd Century Partners, Ltd., an entity comprised of a group of investors who banded together prior to the Petition Date to demand payment of amounts owed to them.  K&L Gates also worked to ensure that the Debtors' former principal continued to make payments to the bankruptcy estate per the terms of his initial settlement agreement and pursued other avenues for bringing money into the estate (for example, collecting construction deposits and settling with creditors and other parties in interest).

In the course of accomplishing these broad objectives, K&L Gates professionals diligently performed numerous smaller tasks including drafting and revising pleadings and motions, researching legal issues, negotiating with creditors and defendants and other parties in interest, maintaining and updating dockets and files, reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on case matters, and corresponding with parties in interest concerning case matters.

## EXPENSES INCURRED

During the Application Period, K&L Gates incurred actual out of pocket expenses in the amount of $14,137.89, but K&L Gates is not seeking reimbursement of $4,513.18 incurred on account of facsimile transmissions, local transportation charges, overtime meals, and in-house copying charges over $0.10 per page in light of the Court's typical disallowance of such

expenses.[4]  Hence, K&L Gates is only seeking approval of reimbursement of $9,624.71 in out of

pocket expenses.   All of these expenses were necessary for the proper representation of the

Trustee in this bankruptcy proceeding.   K&L Gates charges its private clients for expenses in the

exact manner as requested herein.   The expenses are further detailed by category below, and as

discussed:

In-House Duplicating:  K&L Gates incurred in-house copying and printing charges in the

amount of $5,498.86, but is only seeking approval of the reimbursement of 50% of this amount

(*i.e.*, $2,749.43) because K&L Gates charges clients $0.20 per page for in-house copies.   K&L

Gates maintains a record of all in-house copies through a computerized system which requires an

operator to key in a client's code number on a keypad attached to the copier.

Outside Duplicating:  In addition to the in-house duplicating costs, K&L Gates incurred

photocopying expenses relates to charges incurred by K&L Gates when it was required to engage

outside duplication services for large printing jobs (largely in connection with discovery in the

Avoidance Actions) in a total amount of $464.73.   This amount represents the actual amount

charged to K&L Gates by such outside vendors.

Telephone:  K&L Gates incurred $9.40 in telephone charges.

Deposition Services:   K&L Gates incurred $4,411.78 in charges relating to conducting

depositions, including charges for court reporters.

Service of Process Fees:  K&L Gates incurred $228.00 in process server fees.

Air Courier and Messenger Expenses:   K&L Gates incurred expenses in the amount of

$454.93 in connection with necessary air courier and local messenger expenses to provide certain

---

[4]     These expenses are set forth on the invoices attached as exhibits hereto, but K&L Gates is <u>not</u> seeking
allowance of these particular expenses.

materials to parties in interest in a timely manner. K&L Gates made every effort to use the appropriate service to keep costs to a minimum.

Postage:  K&L Gates incurred postage expenses in the amount of $360.40 in connection with mailings.

Court Costs:  K&L Gates incurred $356.80 in connection with obtaining certified copies of certain orders, copies of transcripts, and otherwise paying necessary court costs.

Electronic Research:  K&L Gates incurred $330.57 in legal research-related costs.

WHEREFORE, K&L Gates LLP respectfully requests that the Court enter an order:

(a)      allowing K&L Gates $638,833.50 in reasonable and necessary fees and $9,624.71 in actual expenses for the period of September 4, 2007 through March 31, 2010, subject to K&L's agreement to limit payment to the Prior Payment already received; and

(b)      granting such other and further relief this Court deems just and proper.

Dated:  June 15, 2012                            **K&L GATES LLP**

By:      /s/ Sven T. Nylen
          John S. Delnero (No. 6195914)
          Sven T. Nylen (No. 6278148)
          K&L GATES LLP
          70 West Madison Street, Suite 3100
          Chicago, Illinois  60602
          Telephone:  312.372.1121
          Facsimile:  312.827.8000