## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing: October 10, 2012 at 9:30 a.m. |

### NOTICE OF MOTION

To: Attached Service List

     PLEASE TAKE NOTICE that on October 10, 2012 at 9:30 a.m. the undersigned shall appear before the Honorable A. Benjamin Goldgar in Courtroom 613, or whomever may be sitting in his place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached *Motion of Freeborn & Peters LLP for Leave to File Amended Final Fee Application* a copy of which is attached hereto and thereby served upon you. You may appear if you so desire.

Dated:  September 27, 2012                          FREEBORN & PETERS LLP

                                                            By:       /s/ Neal Levin
                                                                 Neal H. Levin (No. 6203156)
                                                                 FREEBORN & PETERS LLP
                                                                 311 South Wacker Drive, Suite 3000
                                                                 Chicago, Illinois 60606
                                                                Telephone: 312.360.6000
                                                                Facsimile: 312.360.6520

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing: October 10, 2012 at 9:30 a.m. |

### CERTIFICATE OF SERVICE

I, Neal H. Levin, an attorney, do hereby certify that on or before September 27, 2012 I caused the attached *Notice of Motion* and *Motion of Freeborn & Peters LLP for Leave to File Amended Final Fee Application* to be filed with the Court and served upon the following parties by the manner listed.

/s/ Neal Levin

### SERVICE LIST

**CM/ECF Notice List**
The following is the list of parties who are currently on the list to receive e-mail notices for this case.

Wiliam J. Barett william.barett@btk.com
David R Brown dbrown@springerbrown.com, dbrown@ecf.epiqsystems.com
Marc J. Chalfen mchalfen@komdr.com
Michael J Davis mdavis@springerbrown.com
John S. Delnero john.delarno@klgates.com
Joseph B DiRago jdirago@bellboyd.com
Patrick L. Edgerton thor-own@elnet.com
Thomas R. Fawkes tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com
Faye B. Feinstein faye.feinstein@quarles.com
Richard M Fogel rfogel@shawgussis.com
Richard C Friedman USTPRegion1 l.es.ecf@usdoj.gov, richard.c.friedman@usdoj.gov
Douglas C. Giese dcgiese@defrees.com
Joshua D Greene jgreene@springerbrown.com, sellis@springerbrown.com
Wiliam S Hackney whackney@salawus.com, jadams@salawus.com
David L Kane dkane@mpslaw.com
Sonia Kinra skinra@skcounsel.com, ekraus@skcounsel.com
Eugene S. Kraus ekraus@skcounsel.com
David M Madden dmadden@momlaw.com

Philip V. Martino Philip.martino@quarles.com
James M McArdle jmcardle@skcounsel.com
Matthew E. McClintock matthew.mcclintock@klgates.com, teresa.gomez@klgates.com
James E. Morgan james.morgan@klgates.com, teresa.gomez@klgates.com
Wiliam T Near USTPRegion11.ES.ECF@usdoj.gov
Jay S. Nelson jaysconel@earthlink.net
Sven T Nylen sven.nylen@klgates.com, teresa.gomez@klgates.com
Andre Ordeanu andre@zanesmith.com, Patty@Zanesmith.com
John M. Riccione jriccione@agdglaw.com
Edward C. Richard erichard@manetti-griffth.com
Scott N. Schreiber sschreiber@stahlcowen.com
Mark A Stang mstang@chuhak.com
Steven B Towbin stowbin@shawgussis.com
Matthew C Wasserman mwasserman@defrees.com
Ariel Weissberg ariel@weissberglaw.com, Hava@weissberglaw.com
Daniel A Zazove dzazove@perkinscoie.com, dzazove@perkinscoie.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Joint Case No. 04 B 23758 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing: October 29, 2012, at 10:30 a.m. |

**MOTION OF FREEBORN & PETERS LLP FOR LEAVE**
**TO FILE AMENDED FINAL FEE APPLICATION**

Freeborn & Peters LLP ("*F&P*"), former special counsel to David R. Brown, the chapter 7 trustee previously appointed in the above-captioned, jointly-administered bankruptcy cases, hereby moves (the "*Motion*") for leave to file its *Amended Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee* (the "*Amended Final Fee Application*"), which, will amends and supercede the *Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee* (Docket No. 1289) (the "*Initial Final Fee Application*") filed on June 14, 2012,[1] and in support thereof, states as follows:

**BACKGROUND AND EXECUTIVE SUMMARY**

1.  On June 23, 2004, four of the five of the above-captioned, jointly-administered debtors (collectively, the "*Debtors*"), Polo Builders, Inc., M&MM Enterprises, LLC, Hasan Merchant, and Sheri Banoo Merchant, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). On June 29, 2004, the fifth of the Debtors, M.G. International, LLC, filed its voluntary petition for relief under chapter 11 of the

---

[1] On June 14, 2012, F&P filed that certain First Amended and Final Fee Application of Freeborn & Peters LLP as Counsel to the Chapter 7 Trustee With Respect to Settlement Agreement Enforcement (the "*Enforcement Fee Application*"). That application relates exclusively to services rendered by F&P to the Trustee from April 1, 2009 through June 12, 2012, for the limited purposes of (1) enforcing a settlement agreement between the Trustee and Hasan Merchant; and (2) investigating certain transactions involving Anicia Villafria. This Final Fee

Bankruptcy Code. The Debtors' bankruptcy cases are being jointly-administered for procedural purposes.

2. On August 16, 2004, this Court entered an order converting these bankruptcy cases to proceedings under chapter 7 of the Bankruptcy Code. That same day, the Office of the United States Trustee appointed the Trustee.

3. On September 22, 2004, this Court entered an order authorizing the Trustee to employ and retain F&P as his special counsel in these chapter 7 cases, effective as of August 16, 2004.

4. On September 26, 2007, this Court entered an order (the "*Substitution Order*") substituting the law firm of Bell, Boyd & Lloyd LLP ("*Bell Boyd*") as special counsel to the Trustee, effective as of September 4, 2007. The Substitution Order provides, however, that F&P remain as co-counsel to the Trustee solely in connection with the adversary proceeding styled *David R. Brown, Trustee v. Real Estate Resource Management, LLC, et al.*, Adv. No. 04-4032.

5. On June 14, 2012, F&P filed its *Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee* (Docket No. 1289) (the "*Initial Final Fee Application*"). Following the filing of the Initial Final Fee Application, several parties – including raised several concerns therewith. These concerns included: (1) the Initial Final Fee Application did not separately account for time billed to each of the individual Debtor estates; and (2) the time was not allocated amongst specific tasks.

6. These concerns were first articulated by former chapter 11 bankruptcy counsel to the Debtors, Shaw Gussis Fishman Glantz Wolfson & Towbin LLC, in its *Motion for Scheduling Order and Related Relief as to Final Applications for Compensation and Expenses by the*

---

Application relates to a separate engagement between the Trustee and F&P and should be read independently of the June 14, 2012 application.

2

*Attorneys for the Trustee* (Docket No. 1293, the "*Shaw Gussis Motion*"). In the Shaw Gussis Motion, Shaw Gussis asserted that the Initial Final Fee Application did not include an apportionment of F&P's fees amongst the estates, and further asserted several other deficiencies with the Initial Final Fee Application. As a result, Shaw Gussis, among other things, sought a determination as to whether F&P and the Trustee's other attorneys should be required to file amended final fee applications.

7. Subsequently, both the Trustee and the successor chapter 7 trustee appointed in these cases, Philip V. Martino, expressed similar concerns with the Initial Final Fee Application; namely, that the Initial Final Fee Application did not allocate time across the Debtor estates and amongst specific tasks.

8. Accordingly, in light of these concerns, F&P has undertaken a thorough, detailed analysis of each of the nearly 7,000 attorney and paraprofessional time entries which are attached as exhibits to the Initial Final Fee Application. This analysis, which included a line-by-line review of each time entry as well as consultations with multiple F&P attorneys that were involved in the initial representation of the Trustee, was intended to ensure a proper allocation of each such entry to particular Debtor estates and to particular task categories. It is anticipated that this analysis should afford the Court, Mr. Martino and other parties-in-interest the opportunity to better understand F&P's services rendered to the Trustee.

9. This analysis, however, is complicated by several factors. First, over five years have elapsed since F&P's initial employment by the Trustee concluded, and many of the key F&P attorneys representing the Trustee are no longer with the firm. Additionally, prior to the Petition Date, the Debtors' estates were not separately maintained. This is evidenced by a consistent pattern of (1) commingling of funds among the Debtors' estates; (2) multiple Debtors

3

taking part in the transactions that formed the basis for much of the litigation prosecuted by the Trustee; (3) transfers of assets and liabilities by and among each of the Debtors; and (4) the failure by the Debtors' former principal, Hasan Merchant, to properly document intra-Debtor transfers, maintain corporate formalities and otherwise treat each of the Debtors as independent corporate entities. Each of the foregoing facts likely supports the substantive consolidation of the Debtors. However, in light of the fact that substantive consolidation has not yet been sought or ordered, F&P has taken every possible effort to appropriately allocate its time amongst the estates.

10. Notwithstanding the inherent difficulties in preparing an allocation that is completely accurate, F&P submits that such allocation will prove useful to the Court and other parties, and that the filing of the Amended Final Fee Application is therefore appropriate and necessary under the circumstances.

11. Accordingly, attached as *Exhibit A* to this Motion is the Amended Final Fee Application. The Amended Final Fee Application sets forth the results of F&P's allocation analysis, and provides additional detail concerning estate recoveries resulting from F&P's representation of the Trustee.

12. Additionally, the Amended Final Fee Application set forth F&P's intention to accept a substantial voluntary accommodation – in the amount of $2,110,495.10 – in an effort to satisfy the concerns of the Trustee, Mr. Martino and other parties concerning the Initial Final Fee Application. This voluntary accommodation entails F&P's waiver of claims to fees arising from the prosecution of the Real Estate Resource Management adversary proceeding, as well as the prosecution of the Ponzi scheme adversary proceedings (as described in more detail in the Amended Final Fee Application). After applying this voluntary accommodation, and taking into

account the $1,518,879.56 in payments received by F&P on account of its representation of the Trustee, F&P's request for additional payment on account of its fees is substantially reduced to $249,290.94, which amount is exclusive of F&P's claim for reimbursable expenses set forth in the Amended Final Fee Application.

13. The inclusion of a substantial voluntary fee accommodation, coupled with the additional detail concerning the allocation of F&P's fees, justifies the Court granting leave to F&P to file the Amended Final Fee Application. F&P submits that the Amended Final Fee Application substantially benefits the Debtors' estates and creditors, ensures the administrative solvency of the estates, will facilitate the conclusion of these long-pending cases and will minimize possible litigation related to professional fee applications.

WHEREFORE, F&P respectfully requests that this Court enter an order: (A) granting it leave to file the proposed Amended Final Fee Application, *instanter*; and (B) granting such other and further relief as this Court deems just and proper.

Dated: September 27, 2012     **FREEBORN & PETERS LLP**

By: /s/ Neal H. Levin

Neal H. Levin (No. 6203156)
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606-6677
Tel: 312.360.6000
Fax: 312.360.6520

5